NOEL MARTIN V. STATE OF NEBRASKA.

FILED JANUARY 8, 1903. No. 12,872.

1. **Larceny:** INFORMATION: CHARGE: DESCRIPTIO DELICTI: INTENT: FELONIOUS ASPORTATION: INTENT TO PERMANENTLY DEPRIVE OWNER OF PROPERTY INCLUDED IN SUBSTANTIVE CHARGE. An information charging that the accused unlawfully and feloniously did steal, take and carry away certain property, with the intent then and there to steal and carry away the said personal property, includes therein the element of felonious intent upon the part of the taker to deprive the owner permanently of such property, and convert the same to his own use.

2. **Affidavits:** BILL OF EXCEPTIONS. Affidavits offered in support of one of the grounds presented in a motion for a new trial can not be considered in this court when the same are not preserved in a bill of exceptions.

3. **Motion for New Trial:** PRESUMPTION. In the absence of competent evidence to the contrary, the presumption will be indulged in that the trial court ruled correctly on a motion for a new trial, where the ground relied on is required to be supported by evidence.

4. **Admission of Evidence.** Alleged errors in the admission of certain evidence examined, and found not well taken.

5. **Instruction Not Prejudicial.** An instruction to the jury excepted

Syllabus by court; catch-words by editor.

to by the defendant examined, and, although incorrect in the
way framed, *held* to be neither confusing nor prejudicial to the
defendant.

6. **Instructions: Tender Necessary to Predicate Error.** Where the
   trial court has instructed generally as to the issues in a crim-
   inal prosecution, error can not be predicated on its failure to
   instruct as to a particular phase of the case, where no proper
   instruction has been requested by the party complaining.

7. **Evidence.** Evidence examined, and found sufficient to support a
   verdict of guilty returned by the jury.

Error from the district court for Nemaha county. Con-
viction of larceny. Tried below before Stull, J. *Affirmed.*

*M. S. McIninch* and *Charles O. French,* for plaintiff in
error.

*Frank N. Prout, Attorney General, Norris Brown* and
*William B. Rose,* for the state.

Holcomb, J.

The defendant was tried in the district court for Ne-
maha county, and by a jury found guilty of the larceny of
a watch from the person of one Strawn. The court sen-
tenced him to imprisonment in the penitentiary for a
period of five years. He prosecutes error.

His counsel complain of a ruling of the trial court on
a motion interposed by the defendant to quash the infor-
mation. The information, it is argued, is fatally defective,
because it does not allege that the property charged to
have been stolen was taken with the felonious intent to
convert it to the use of the taker without the consent of the
owner. The information charges that the defendant "unlaw-
fully and feloniously * * * from the person and against
the will of the said B. F. Strawn, did steal, take and carry
away, with the intent then and there to steal and carry
away the said personal property," etc. While not charg-
ing in direct terms that the property was taken with in-
tent on the part of the defendant to convert it perma-
nently to his own use, this element of the crime charged is

manifestly included in the statement that he feloniously took and carried away the property with intent to steal. The charge that the property was stolen embodies the idea that it was taken without the consent of the owner, and with the intent of the taker to wrongfully convert it to his own use. The allegation found in the information is undoubtedly sufficient to constitute the offense of larceny from the person, as defined by our statute. As is said in *Rema v. State*, 52 Nebr., 375, 379, where the court expressed itself on a like question: "There is no force in the position. The averment in the information is that the defendant 'unlawfully and feloniously did steal, take, and drive away' the cow in question. This is the usual form of the charge in an information for larceny, substantially follows the language in the statute, and discloses that the animal was stolen with felonious intent of the accused to permanently deprive the owner thereof without his consent." See, also, *Chezem v. State*, 56 Nebr., 496.

One of the grounds for a new trial appears to have been the alleged misconduct of counsel for the state in making certain statements to the jury at the opening of the trial, and also in his closing arguments; and the ruling of the court thereon is now complained of. To support this assignment in the motion for a new trial, certain affidavits seem to have been filed in the case, which appear only in the transcript of the record as presented to this court. Whether this was all the evidence on which the court acted, we are unable to say, but as none of the evidence, whether in the form of affidavits or otherwise, has been preserved in a bill of exceptions, we can not consider the affidavits thus found in the transcript. In the absence of any competent evidence in the record to the contrary, the presumption will be indulged in that the court ruled correctly regarding the matter. Were we permitted to consider these affidavits as establishing the truth regarding the matter complained of, we could not but express our condemnation of the action of the prosecuting attorney in referring to the failure of the accused to testify in his own

behalf.    The statement alleged to have been made was altogether inexcusable, and should, if made, have been met with a prompt reprimand and merited reproof by the trial court.

The admission of certain evidence over the objection of the defendant is assigned as error, but an examination of the record fails to convince us that error in this regard prejudicial to the defendant was committed.    The substance of some of the evidence objected to was that the passengers on the train where the offense was alleged to have been committed had had their suspicions excited by the action and conduct of the defendant and a traveling companion at and prior to the time the larceny was committed.    When taken in connection with the other testimony of the witness, the statement amounts to nothing more than that the conduct and dress of the accused and his traveling companion had excited the attention and notice of the passengers in the same car.

An instruction is complained of because of an error in framing it which appears to have crept in, which, upon examination, we are satisfied could have resulted in no prejudice to the accused.    In the instruction it is said, in speaking of the law as to reasonable doubt: "Unless it is such that were the same kind of doubt interposed in the graver transactions of life it would cause a reasonable and prudent man to hesitate and pause, *it is insufficient to cause a reasonable and prudent man to hesitate and pause,* it is insufficient to authorize a verdict of not guilty."    The interpolation of the words italicized did not, we apprehend, confuse the jury as to the main idea sought to be conveyed by the instruction, nor was it prejudicial to the accused.

A police officer testified in the case, and, because the court failed to instruct the jury as to the rule applicable especially to the consideration to be given the testimony of detectives, error is sought to be predicated on such failure to so instruct.    As no instruction was requested on this particular phase of the case, no prejudicial error was com-

mitted by the court's failure to charge the jury thereon. *Ferguson v. State*, 52 Nebr., 432. The jury having been instructed generally upon the law applicable, the failure to charge upon some particular feature of the case, unless the proper instruction has been requested by the part' complaining, and refused, will not amount to prejudicia error. *Carleton v. State*, 43 Nebr., 373; *Dolan v. State*, 44 Nebr., 643.

It is also argued that the evidence is not sufficient to warrant a verdict of guilty of the crime charged. An examination of the evidence convinces us that it is not only sufficient, but amply so, to sustain the verdict. It would, however, serve no useful purpose to discuss the evidence in detail. The conviction appears from the record to have been rightfully brought about, and the judgment, we are of the opinion, should be affirmed, which is accordingly done.

AFFIRMED.