## ALFRED VAN SYOC V. STATE OF NEBRASKA.

### FILED JULY 3, 1903.   No. 13,228.

1. **Larceny: PLEAS: VARIANCE.** When it appears that the charge in the complaint is substantially the same as that set forth in the information, a plea of a want of a preliminary examination, or a variance between the complaint and the information, is unavailing. *Hockenberger v. State*, 49 Neb. 706.

2. ———: **INFORMATION.** An information charging a person with larceny can not be said to be bad for duplicity or uncertainty because, after alleging the felonious taking of the property charged to have been stolen, it is specifically alleged that such felonious taking was "with the intent to unlawfully and feloniously convert the same to his own use against the will of the said Jesse W. McNiel" (the owner).

3. ———: **CIRCUMSTANTIAL EVIDENCE: INFERENCE.** The fact that property alleged to have been stolen was taken without the consent of the owner, may be inferred from circumstances shown in evidence as well as by direct testimony that none was given.

4. **Instruction: REASONABLE DOUBT: BURDEN OF PROOF.** An instruction which in substance advises the jury that the presumption of innocence remains with the accused till by competent evidence the state establishes guilt beyond a reasonable doubt, is not subject to the objection that the burden of proof is thereby shifted to the defendant.

5. ———: **EXCEPTIONS.** Rulings of the trial court on certain instructions given and refused, examined and found without prejudicial error.

6. **Evidence: EXCEPTIONS.** Testimony admitted over objections on the ground of being too remote, *held*, properly admitted.

7. **Sheriff as Witness.** A deputy sheriff was a material witness for the state in a criminal prosecution for larceny; he also had charge of the jury during its deliberations. *Held*, That the fact of his having been called as a witness would not, of itself, disqualify him from serving in the latter mentioned capacity.

8. **Evidence.** Evidence examined, and *held* sufficient to support a verdict of guilty as found by the jury.

ERROR to the district court for Kearney county: ED L. ADAMS, DISTRICT JUDGE. *Affirmed.*

*L. W. Hague* and *C. P. Anderbery*, for plaintiff in error.

*Frank N. Prout, Attorney General, Norris Brown* and *Lewis C. Paulson, contra.*

HOLCOMB, J.

The defendant was tried for and adjudged guilty of the larceny of money of the value of $50. By these proceedings he seeks to reverse the judgment pronounced against him; and one of the errors assigned is that the court should have sustained his plea in abatement, on the ground that he was given no preliminary examination on the charge of which he was found guilty. This contention is based solely on the fact, as disclosed by the record, that the information in the district court sets forth with more fullness and specificness, by the use of additional verbiage, some of the elements of the crime charged. It does not appear that a different offense was charged, nor can it be said that no crime was charged in the complaint on which the preliminary hearing was based. The complaint filed before the examining magistrate charged that the defendant "then and there did, then and there, unlawfully and feloniously take, steal, and carry away a certain sum of money to wit, the sum of $75 being lawful money of the United States and of the value of $75, being the property of Jesse W. McNiel, the said money being in bills of denominations unknown to affiant," etc. The information on which defendant was tried and to which the plea of abatement was interposed, contains the identical language quoted and added thereto, after the word affiant, the following, "then and there with the intent to unlawfully and feloniously convert the same to his own use against the will of the said Jesse W. McNiel."

It can not be doubted that the complaint on which the preliminary hearing was based charged not only substantially, but almost in the identical language, the same crime for which the defendant was tried in the district court. The filing of the complaint and the hearing had thereunder appear to have been in strict compliance with the statute regarding preliminary examinations of persons accused of crime, before they are proceeded against by information in the district court. *Cowan v. State,* 22 Neb. 519; *Hock-*

*enberger v. State,* 49 Neb. 706. The complaint before the examining magistrate charged the crime substantially in the language of the statute, and disclosed all essential facts necessary to constitute the crime of which the defendant was accused and can not be said to be so defective as even to require an amendment; and for stronger reasons, it can not be said to charge no crime at all or one different from that for which the accused was tried. *Martin v. State,* 67 Neb. 36; *Rema v. State,* 52 Neb. 375; *Chezem v. State,* 56 Neb. 497. The plea in abatement was properly overruled.

In this connection it is further contended that a motion to quash and a demurrer to the information which were interposed in the district court, should have been sustained because of the alleged duplicity in the information, by reason of the added allegation in charging the crime in the district court, which we have quoted. All that was done by the change adverted to was, as has been said, to state with more fullness and specificness the essential ingredients constituting the crime; that is, the unlawful and criminal intent of the taker of the property, alleged to have been stolen, to permanently deprive the owner of his property against his will and convert it to the use of the taker. But one offense is charged in the information and, in the charging, there is no such uncertainty or duplicity as to render the information vulnerable to a motion to quash or to a demurrer, and no error was committed in overruling each of the pleas thus interposed. An instruction was given the jury which was excepted to, on the ground that it permitted the finding of nonconsent, on the part of the owner, to the taking of the property alleged to have been stolen, from circumstances shown in evidence, and not by any direct proof. The instruction was proper. The owner, it was shown, was, at the time, lying on his deathbed and wholly unconscious of what was passing around him. As was said in *Wiegrefe v. State,* 66 Neb. 23:

"All the circumstances surrounding the alleged larceny were inconsistent with a taking with the consent of the

owners; and want of consent may be inferred from circumstances shown in evidence, as well as by direct testimony that none was given." See also *Rema v. State, supra.*

An instruction, which told the jury, in substance, that the burden of proving the defendant's guilt beyond a reasonable doubt, rested upon the state throughout the entire trial and that the presumption of innocence should be indulged in at all times during the deliberations of the jury, unless overcome by competent evidence on the part of the state to satisfy them beyond a reasonable doubt of the defendant's guilt, is excepted to, because, as alleged, it results in a shifting of the burden of proof. The position is untenable. The instruction does nothing more than to advise the jury that the presumption of innocence remains with the accused, till by competent evidence the state establishes his guilt beyond a reasonable doubt.

Some other instructions are excepted to because of the giving or refusing to give the same. An examination of the rulings complained of, satisfies us that no prejudicial error is disclosed by the record relative thereto.

One witness was permitted to testify, over objections, that on Thursday or Friday, preceding the Sunday night when it is alleged the offense was committed, he had given to the person from whom the larceny was committed twenty or twenty-five dollars in bills and that the owner at the time had forty or fifty dollars in bills in addition thereto, all of which were placed in a pocket memorandum book belonging to the owner and in which he kept his money. The evidence was offered for the purpose of proving the amount of money in the possession of the owner which was alleged to have been stolen, and was objected to as too remote. The circumstances shown in evidence as to the movements of the owner after the incident testified to and the nearness in time between the two transactions, satisfy us that the evidence was admissible, and that the court properly overruled the objection on the ground stated.

Because a deputy sheriff who had charge of the jury during their deliberations, had also been a material witness on behalf of the prosecution, it is claimed that this situation resulted in prejudice to the substantial rights of the defendant. This contention, if we understand counsel, is upon the theory that the officer was not, because of his having been a witness for the state, wholly disinterested, and was not a proper person to have charge of the jury, and that the jury may have been subjected to baneful influences interfering with a free and untrammeled deliberation of the evidence in the case. There is no charge and no evidence to support a charge of any actual misconduct by the officer who had charge of the jury or of any prejudice to the defendant by reason thereof. Such being true, it can not be said that the verdict is vitiated or that there has been a miscarriage of justice, by reason of the fact that the officer having charge of the jury during its deliberations was a material witness for the prosecution. *State v. Wart*, 51 Ia. 589; *State v. Bailey*, 32 Kan. 83; *Jenkins v. State*, 41 Tex. 128; *Ned and Taylor v. State*, 33 Miss. 364; *Gainey v. People*, 97 Ill. 270. Lastly, it is contended that the evidence is insufficient to prove the crime charged. We are of the opinion the verdict of the jury can not rightfully be interfered with on the ground that it is unsupported by the evidence. While there is no positive evidence that the money found in the possession of the accused soon after the alleged commission of the crime, was the identical money belonging to and in possession of the owner immediately prior thereto, the circumstances, and there are many of an incriminating character, all tend to prove that the owner did possess the money in currency and bank bills of the amount testified to by one or more witnesses, that he kept it in a pocket memorandum book found in the possession of the accused, that the accused had no money or but a small amount prior to the alleged theft, and that his explanations as to how he came in possession of the money found on his person soon after, and how he became possessed of the owner's pocket

book, were so unsatisfactory and at variance with other credible testimony, as to warrant rejection by the jury and justify the conclusion which they evidently reached. The evidence, we think, warrants a finding that the defendant, while attending the owner in his last sickness and when none others were present, abstracted the pocket book and the money in it from the pocket of his coat, which was hanging on the wall of the room in which he was lying at the time, and that the book contained the amount of money the accused was found guilty of stealing, and that the money found on his person at the time of his arrest was, in fact, a part of the money he was charged with having stolen. The evidence is sufficient. to support the verdict, and there appearing no error in the record of the trial, the judgment of conviction should be, and accordingly is,

AFFIRMED.