STATE OF NEBRASKA EX REL. RUSSELL R. STROM, JR., RELATOR, V. FRANK MARSH, SECRETARY OF STATE OF THE STATE OF NEBRASKA, RESPONDENT, FERN HUBBARD ORME, INTERVENOR.

77 N. W. 2d 163

Filed May 5, 1956.    No. 34050.

*Russell R. Strom, Jr.,* pro se.

*Clarence S. Beck,* Attorney General, and *Clarence A. H. Meyers,* for respondent.

WENKE, J.

This is a special statutory proceeding had under and pursuant to the authority of section 32-517, R. R. S. 1943, and, as a Justice of the Supreme Court, I am filing this opinion to set forth the reasons for my order of April 30, 1956, denying the relator, Russell R. Strom, Jr., the relief he prayed for and dismissing his petition. It should be understood this is not an opinion of the Supreme Court.

The facts are not in dispute. About 10:30 a. m. on Thursday, April 5, 1956, intervenor, Fern Hubbard Orme, filed with respondent, Frank Marsh, Secretary of State, a petition, together with her affidavit and a receipt, the latter showing she had paid the statutory $10 filing fee. By her petition and affidavit intervenor requested that

her name be placed on the official nonpolitical ballot at the primary to be held on May 15, 1956, as a candidate for nomination for the office of member of the Nebraska Legislature from the Twentieth Legislative District. Intervenor was at that time and had been, since August 20, 1946, a duly qualified and acting member of the Lincoln City Council, Lincoln being a charter city.

Shortly after 2 p. m. on the same day intervenor orally requested the Mayor of the City of Lincoln to call a special meeting of the city council to consider her resignation which she had tendered to the council to be "effective immediately." This the Mayor and four members of the council, including intervenor, did, the council convening about 4 p. m. At this meeting, which the record shows was properly called, intervenor's resignation was accepted by a unanimous vote of those present.

About 4 p. m. on the same day intervenor withdrew her first filing and thereafter, about 4:40 p. m., she made an entirely new filing for the same office, having paid a second filing fee. Relator filed objections thereto on April 16, 1956, wherein he questioned the legality thereof. On April 18, 1956, a hearing was had on these objections before the respondent who, on April 19, 1956, overruled them. Relator thereupon perfected this proceeding by filing his petition in the Supreme Court on April 25, 1956.

It is relator's thought that intervenor continued to hold her office as a member of the city council until her successor was appointed and qualified, which was not until April 16, 1956. In support thereof he cites section 32-1045, R. R. S. 1943; section 27-409, the Lincoln Municipal Code of 1936; and Article I, section 3, and Article IV, sections 6 and 13, Charter of the City of Lincoln, dated February 1, 1949.

In this respect section 32-1045, R. R. S. 1943, provides: "Every officer elected or appointed for a fixed term shall hold office until his successor is elected or appointed, and qualified, unless the statute under which

he is elected or appointed expressly declares the contrary."

Section 27-409, the Lincoln Municipal Code of 1936, provides: "All officers of this city, unless otherwise provided by law or ordinance, shall hold their offices for two years and until their successors shall be duly appointed and qualified, and the terms of all elective officers shall begin on the first Monday following election. The terms of all appointive officers shall begin at time of appointment."

Ordinarily, in the absence of some statutory provision, a resignation is effective upon its delivery to the proper authorities at the time therein designated and no official acceptance thereof is necessary. As stated in State ex rel. Roberts v. The Mayor, 4 Neb. 260: "In the absence of some statutory provision, we know of no rule which requires such resignation to be accepted by the municipal authorities, to make it effective. Their refusal even, to accept it, would not have the effect to compel him to retain the office against his will. We must hold, therefore, that by his written resignation of the office to the mayor and council, on the 28th of May, the relator ceased to be such city engineer."

I do not think that either the statutory or municipal code provisions hereinbefore quoted have application to cases of resignation. In my opinion intervenor's resignation became effective upon its delivery to the city council. Its acceptance by the city council at a properly called special meeting in no way affected its immediate effectiveness.

Section 32-503, R. S. Supp., 1955, provides as follows: "All partisan and nonpartisan candidates for elective offices shall be nominated: (1) By a primary held in accordance with Chapter 32, article 5, or (2) by nomination papers signed and filed as provided by section 32-504. If the candidate for an elective office is the incumbent of another partisan or nonpartisan elective office, the filing of the requisite nomination papers of

such incumbent for any other partisan or nonpartisan elective office shall be perfected at least fifty days prior to the date of such primary, notwithstanding any more general or special law respecting elections contained in sections 32-504, 32-514, and 32-515. The filing of the requisite nomination papers, perfected as aforesaid, shall create a vacancy in the elective office which such candidate then holds as of the date of the commencement of the term of the office or as of the date such vacancy is filled by the election for which he filed or for which he accepted filing. Candidates may file for the unexpired term of the office which becomes vacant, as provided in this section."

It is relator's contention that if a candidate to which this section applies is an incumbent of another partisan or nonpartisan elective office that he cannot by resigning that office after the 50th day and on or before the 40th day prior to the date of the primary election, bring himself within the provisions of section 32-535, R. S. Supp., 1955. With this I agree provided he is the incumbent of another partisan or nonpartisan elective office to which this statute has application for it seems to me one of the purposes of this legislation is to give to all those who may have a right to do so a reasonable opportunity to file and become a candidate for the unexpired term of any elective office which the candidate would thereby vacate in accordance with the provisions of this statute. To permit a resignation to be effective to defeat this purpose would, in my opinion, be contrary to the intent of the Legislature and defeat the purpose for which this legislation was enacted. It should, of course, be understood that this statute could not create a vacancy in any constitutional office contrary to the provisions of the state Constitution.

Did the intervenor, as a member of the city council, come within the scope of this law? I think not. The office she held as a member of the city council of the city of Lincoln is not subject to the primary election

laws. See Article IV, sections 5 and 9, Charter of the City of Lincoln, dated February 1, 1949. It is my opinion the requirements of section 32-503, R. S. Supp., 1955, apply only to incumbents of partisan or nonpartisan elective offices subject to the primary election to which the statute has application.

There is a further reason why intervenor is not subject to the provisions of section 32-503, R. S. Supp., 1955. As recent as the opinion in Supp v. Allard, *ante* p. 563, 76 N. W. 2d 459, the Supreme Court approved the principle, quoted from McCann v. McLennan, 2 Neb. 286, that: "* * * specific provisions relating to a particular subject must govern in respect to that subject as against general provisions in other parts of the law, which might otherwise be broad enough to include it." Therein the court went on to say, by quoting from State ex rel. Prout v. Nolan, 71 Neb. 136, 98 N. W. 657, that: "Where general and special provisions of a statute come in conflict, the general law yields to the special without regard to priority in dates, and a special law will not be repealed by general provisions, unless by express words or by necessary implication." See, also, State ex rel. Smith v. Nebraska Liquor Control Commission, 152 Neb. 676, 42 N. W. 2d 297; Lee v. Lincoln Cleaning & Dye Works, 144 Neb. 659, 14 N. W. 2d 227.

In 1935 the Legislature enacted what is now section 32-536, R. R. S. 1943. See Laws 1935, c. 112, § 1, p. 358. This section provides: "When any person holding any other elective public office becomes a candidate for the office of Legislator, the office which he is holding shall become vacant as of the date of the beginning of the term of the office of Legislator. Filing of candidates for the unexpired term of the office which the candidate then holds may be made and the time for filing for such office is extended five days beyond the filing date prescribed for that office."

In my opinion this section relates specifically to when any person holding any other elective public office be-

comes a candidate for the office of "Legislator." It is therefore controlling here. Without deciding whether or not intervenor was the holder of any other elective public office within the meaning of this section, I think, in either event, she could file within the time provided by section 32-535, R. S. Supp., 1955, as the only effect of whether or not she was or was not would relate to the 5 days extension referred to in section 32-536, R. R. S. 1943, which is not here material.