STATE EX REL. AGRICULTURAL EXTENSION SERVICE ET AL., APPELLANTS, v. HARM J. MILLER ET AL., APPELLEES.

154 N. W. 2d 469

Filed November 24, 1967.    No. 36628.

Leslie H. Noble, for appellants.

Arnold E. Wullschleger, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

This is a mandamus action. The county board of Gage County refused to approve and to set aside in the general fund of the county a budget of $11,100 which had been adopted by the board of directors of the Agricultural Extension Service of Gage County, Nebraska, and submitted to the county board. The district court refused to compel the appropriation and the Agricultural Extension Service appeals. We reverse the judgment and remand the cause.

Section 2-1604, R. R. S. 1943, provides for a county election on the question: "Shall an appropriation be made annually from the general fund of the county for the support of agricultural extension work?" In 1940, pursuant to this section and the referendum statutes of the State of Nebraska, the electors of Gage County approved such appropriation and agricultural extension work, and the county board has made an appropriation and approved such budget submitted by the Agricultural Extension Service in all subsequent years up to the fiscal year of 1966-1967 which budget is in issue here. The county board reduced the Agricultural Extension Service budget, prepared by its board of directors, by reducing salaries of three extension agents, mileage expenses, and the salary of an office assistant.

Section 2-1604, R. R. S. 1943, after providing for a county election authorizing an appropriation for agri-

cultural extension service, provides as follows: "If a majority of the votes cast on this question are, in favor of the appropriation, the county board *shall annually set aside in the general fund of the county an amount equal to the county extension budget;* Provided, that such sum shall not exceed seventy-five hundred dollars, or an amount equal to a four-tenths mill levy on the dollar upon the assessed value of all the taxable property in such county, except intangible property, whichever is the greater. As claims are approved by the board of directors and filed with the county clerk, the county board shall order warrants to be drawn upon the, general fund of the county in payment of such claims." (Emphasis supplied.) No argument is made, nor could one be made, that the Legislature has not manifested its intent in clear, unambiguous, and mandatory language. By its terms the county board is required to set aside in the general fund of the county an amount equal to the county extension budget. No authority is granted to reduce, alter, or amend the county extension budget. It is elementary that a county board has only such powers as the Legislature grants, and its power herein is therefore restricted, as it is authorized and required only to set aside in the general fund the amount of the county extension budget. By the express terms of section 2-1606, R. R. S. 1943, the county extension budget is that budget which is prepared and submitted by the, president and secretary of the extension service to the county. This is different than the method provided by law for the preparation of the general county budget, which is prepared by the county clerk or special board appointed by the county board. (See, §§ 23-901 to 23-920, R. R. S. 1943.) Although further analysis might suggest doubt, we point out that the clause "shall annually set aside in the general fund of the, county" would be redundant and superfluous if we were to hold that the clause "an amount equal to the county extension budget" meant a budget prepared, adopted, or approved

by the county board because the county board is required to set aside in the general fund the amounts of the general county budget. We feel that this statute was carefully drawn to avoid the contention that the county board had any control over the county extension budget. Here the electorate itself directly authorizes a special board to adopt a county extension budget for agricultural services and simply provides for its integration into the county general fund and its tax consequences. The county board, of course, has a general duty and power to coordinate and to reduce, alter, or amend the county budget as submitted by the county clerk or a board appointed by it for that purpose in order to keep county expenses within the statutory mill limitation. Here, we point out, the Legislature provided for the electorate to directly approve a separate entity to fix the amount of money to be spent on county agricultural extension services and limit the levy to four-tenths of a mill. It was the obvious intent to place the limitation on the mill levy in the law itself and not vest it in the county board under its general budget-making powers. The statutory scheme is abundantly clear and the county board's duties are clearly mandatory and ministerial in nature and require the exercise of no discretion or quasi judicial action. This is further manifested by the requirement of mandatory approval of all claims approved by the board of directors of the Agricultural Extension Service on file with the county clerk.

The county board contends, although without further argument, that its power to reduce and alter the county extension service budget flows from section 23-908, R. R. S. 1943, which provides: "The county board shall consider the budget document, as submitted to it by the budget-making authority, of the county, and may, in its discretion, revise, alter, increase or decrease the items contained in the budget, * * *." This section of the statute clearly refers to the budget-making authority of the county consisting of either the county clerk or a

board designated by the county board. It has no application to a budget prepared by the county extension service under express authorization of the specific statute involved here, section 2-1606, R. R. S. 1943. As we have pointed out this conclusion is also reached from the analysis of the clear meaning and intent of the statute, section 2-1604, R. R. S. 1943, providing for the appropriation to the county extension service. There is no inconsistency between these two sections of the statute. Were that true, we would come to the same conclusion because the special statute setting up the Agricultural Extension Service would control over the general budget law as provided in section 23-908, R. R. S. 1943. Bass v. County of Saline, 171 Neb. 538, 106 N. W. 2d 860; State ex rel. Strom v. Marsh, 162 Neb. 593, 77 N. W. 2d 163.

The act required by the county board is clearly ministerial in nature and it is mandatory that it performs it. The word "shall" needs no further exploration. A writ of mandamus may be issued to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or station. § 25-2156, R. R. S. 1943. It is also apparent that no adequate remedy of law exists in this situation. The Agricultural Extension Service, in order to properly administer its functions, has the right and duty to compel the appropriation and the honoring of its approved claims. It is not suggested that the Agricultural Extension Service, as distinguished from the individual claimants, has any adequate or enforceable remedy of law to compel the performance of these duties other than in mandamus. Any remedy of law, by appeal or otherwise, of course, would prevent the exercise of the functions of the Agricultural Extension Service and render it impotent for an undetermined period of time. Where a specific duty is provided by statute, mandamus may be invoked to enforce it if denied; and the party entitled to such relief will not be forced to pursue his remedy by circuitous and

dilatory action at law. State ex rel. Herman v. City of Grand Island, 145 Neb. 150, 15 N. W. 2d 341; State ex rel. Butler County Agricultural Society v. Coufal, 1 Neb. (Unoff.) 128, 95 N. W. 362.

The district court was in error in refusing to grant the writ of mandamus. The judgment of the district court is reversed and the cause remanded with directions to issue the writ.

REVERSED AND REMANDED.