STATE OF NEBRASKA, APPELLEE, v. CLYDE RICE, APPELLANT.

255 N. W. 2d 282

Filed June 29, 1977. No. 41116.

Toney J. Redman and Thomas L. Hagel, for appellant.

Paul L. Douglas, Attorney General, and Gary B. Schneider, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

On April 10, 1976, the defendant and the deceased met by agreement at the parking lot at the V. F. W. Club in Lincoln, Nebraska. The purpose was to settle longstanding grievances between the two over the alleged use or misuse of C. B. radios, the defendant contending that the deceased was addicted to foul language in breach of established C. B. courtesy patterns. At least on one other occasion the defendant and the deceased had agreed to meet to settle their differences but by misadventure, the arrangement was not completed.

In preparation for the confrontation, the defendant brought with him in his pickup truck a broken pool cue and a pistol which the defendant contends was unloaded. At the parking lot each of the parties emerged from their respective vehicles, the defendant armed with his pool cue. The parties were seen to argue and the defendant swung the pool cue twice at the decedent but apparently missed. He then retreated to the pickup, the decedent following. The decedent thereupon apparently bent the outside mirror of the pickup truck and was kicking the door of the pickup. The defendant produced the pistol and

waved it at the decedent, who backed away and stood near the front and slightly to the side of the pickup truck. According to witnesses for the State, the defendant then backed his pickup and drove it at the decedent a series of seven or eight times, finally striking the decedent with the front wheels of the pickup and possibly passing the back wheels over the decedent's body. The defendant then left the scene, and notified the Lincoln police department and surrendered himself. The decedent died several days after the incident as a result of the injuries.

The defendant was first charged with assault with intent to do great bodily injury and upon the death of the deceased, the charge was amended to first degree murder, for which charge the defendant stood trial. The jury returned a verdict for the lesser included offense of manslaughter. On consideration of the presentence investigation, the court sentenced the defendant to a term of 2 years in the Nebraska Penal and Correctional Complex. The penalty for manslaughter, as provided in section 28-403, R. R. S. 1943, is imprisonment for not more than 10 years nor less than 1 year. The sentence is, in effect, for 1 to 2 years.

In this court the defendant urges that under the provision of section 29-2308, R. R. S. 1943, this court reduce the sentence of the trial court on the ground that the sentence is excessive. The presentence investigation discloses that the defendant has an I. Q. range which is classified in the various psychiatric reports as borderline mentally retarded. It indicates that the defendant has a fairly successful marital relationship and although found to change jobs frequently, he has had an excellent work record and no criminal record.

We have previously said on numerous occasions that this court will not overturn a sentence which denies probation unless there has been an abuse of discretion and that a sentence imposed within statu-

tory limits will not be disturbed on appeal absent an abuse of discretion. See State v. Leal, *ante* p. 233, 252 N. W. 2d 167. The evidence is overwhelming that the defendant is guilty of a violent crime which caused the death of another. Acknowledging the prior good record of the defendant, the court, in passing judgment of either probation or sentence to a penal institution, must determine whether the proposed disposition of the case would depreciate the seriousness of the crime, and if so, then a sentence of probation is not appropriate. See ABA Standards Relating to Probation, Part I, § 1.3 (iii), p. 10 (1970).

We find that the trial court sentence was well within the discretion allowed the judge and the judgment and sentence are affirmed.

AFFIRMED.