STATE OF NEBRASKA, APPELLEE, v. RAYMOND FORBES,
APPELLANT.
STATE OF NEBRASKA, APPELLEE, v. NEVA FORBES,
APPELLANT.

278 N. W. 2d 615

Filed May 8, 1979. Nos. 42210, 42211.

Raymond and Neva Forbes, pro se.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

The defendants are husband and wife, and were charged in separate informations after preliminary hearings that each did "willfully attempt to evade an income tax imposed by the provisions of Secs. 77-27,101 to 77-27,135, R. R. S., [1943] or the payment thereof." Later on, amended informations were filed, charging that each did: "Count 1. wilfully make and subscribe an [sic] State Income Tax re-

turn, which contains or is verified by a written declaration that is made under penalties of perjury, which the defendant did not believe to be true and correct as to every material matter, for the taxable year ending December 31, 1974, Count 2. The defendant, being a person required under the provisions of Sec. 77-2701 to 77-27,135 R. R. S. 1943 as amended, to make a state income tax return, did unlawfully and willfully fail to make a valid return for the year 1974 pursuant to the provisions of said statutes of Nebraska." Their cases were consolidated for trial to a jury and each was convicted and sentenced to a term of 15 days imprisonment in the "Nebraska State Penitentiary near Lincoln, Nebraska" as to Raymond Forbes and in the "Women's State Reformatory at York, Nebraska" as to Neva Forbes on count 1, a felony; and each was ordered to pay a fine of $250 and costs of suit on count 2, a misdemeanor. Although separately docketed on appeal, the two cases, together with State v. Lehman, *ante* p. 341, 278 N. W. 2d 610, were argued together.

With one exception, all of the issues here are identical with those in State v. Lehman, *supra*, and are disposed of by our decision in that case. With that one exception, all of the procedural facts are identical. The exception, as undoubtedly is apparent from a reading of the statement of the preliminary facts above, is that in the present cases, after the bind overs to District Court on the original information, leave was given the State to file the amended informations as stated above.

Upon being arraigned on the amended informations, the defendants refused to plead, objecting to the jurisdiction of the court generally, and pleas of not guilty were entered for them by the trial court. Thereafter, and before trial, defendants filed a "Demand for Dismissal," which was essentially a plea in abatement in that it objected to the jurisdiction

of the court because of the failure to provide a preliminary hearing after the filing of the amended informations. "It is fundamental that a claim that a defendant was not accorded a preliminary hearing, nor waived it, is determinable by plea in abatement." State v. Moss, 182 Neb. 502, 155 N. W. 2d 435 (1968). It is likewise true that the District Court is without jurisdiction to try on information one accused of committing a felony within the state unless the defendant is first accorded the privilege of a preliminary examination or waives the same. Latimer v. State, 55 Neb. 609, 76 N. W. 207 (1898). "No information shall be filed against any person for any offense until such person shall have had a preliminary examination therefor, as provided by law, unless such person shall waive his right to such examination; except as otherwise provided in the Uniform Criminal Extradition Act." § 29-1607, R. R. S. 1943.

The State contends the amended informations merely charged lesser-included offenses of the crimes charged in the original informations, upon which preliminary hearings were held. "The District Court, before trial, may in its discretion permit amendment of a criminal information, provided the amendment does not change the nature or identity of the offense charged, and the amended information does not charge a crime other than the one on which the accused has his preliminary hearing." State v. Costello, 199 Neb. 43, 256 N. W. 2d 97 (1977). It is true that if a defendant is accorded a preliminary hearing and thereafter an amended information is filed charging a crime that includes some of the elements of the original crime charged without the addition of any element irrelevant to that original charge, no new preliminary hearing is necessary. State v. Comer, 199 Neb. 762, 261 N. W. 2d 374 (1978).

The elements necessary to prove the original charge of willfully attempting to evade an income tax, or the payment of the same, are that the defend-

ants owed a tax and in some manner attempted to evade payment. This could be proved, after establishing that a tax was owed, by demonstrating that the defendants filed false returns, that they filed no return at all, or that they simply refused to pay the same. If the original complaints, addressed at the preliminary hearings, were that the defendants attempted to evade a tax by the filing of false returns, obviously such bind overs would support the amended informations charging the filing of a false return. However, no specific means was alleged in the original informations as to how the evasion was attempted. Similarly, if there was a transcript of the preliminary hearing in the record here, which provided evidence that a false return was the means by which the defendants attempted to evade a tax, it would undoubtedly support the amended informations without further preliminary hearings.

Be that as it may, nothing in the record, including the bill of exceptions in the District Court, showed that the filing of false returns was the means by which defendants attempted to willfully evade a tax which they owed, nor for that matter was it shown that defendants in fact owed any tax at all.

It was the State's position, and the one which the trial court apparently adopted, that if a new preliminary hearing was held on the amended informations, the same evidence would again be presented. Examine the following colloquy between the court and the prosecuting attorney during the pretrial conference. According to the State, "It's certainly * * * the same quantum and elements of proof * * *" and "If it is not related and it is not a lesser included or substantially the same or similar offense, then the only alternative available would be to proceed *as requested by the defendant and have a preliminary hearing.*" (Emphasis supplied.) The trial judge manifested substantial skepticism, when in reply he stated, "Well, I want you to submit a memorandum

on this because I have trouble finding this as an included offense, but that's not to say you're wrong." Later on, the trial court, after being informed that there was a preliminary hearing in both of these cases on the original informations, was told by the prosecuting attorney, "If we have a preliminary hearing or were to have one in this case, we'll present exactly the same evidence as we did before and there wouldn't be any bearing [sic]." To this the court replied: "All right. That takes care of the problem as far as I can see." Some 20 days later at a further hearing the trial judge stated: "Now, I regard — at this point, the only thing I regard as critical is whether or not evidence was offered at the preliminary hearing establishing probable cause on these two counts. That's the only thing I regard as significant." To which the county attorney replied: "Well, if that's the only significant thing, Your Honor, as I say, it's the same evidence that was offered that would be offered if we were to have a new one." "Well, did it touch on these two things?" replied the court. "Yes, it does, Your Honor." replied the county attorney. The trial court finally disposed of the question by stating, "Well, in that case, my ruling will stand."

However, as earlier stated, the only problem with the foregoing position is that there is no record of what the "same evidence that was offered that would be offered if we were to have a new one" would be. There is no question but what *both* parties could stipulate the evidence for a new preliminary hearing in the District Court. Also it *might* be said that if a certified transcript of the testimony from the county court preliminary hearing, which did contain proof of filing a false return, was introduced in evidence on the hearing resisting defendants' motion for a new preliminary hearing, and the defendants were given opportunity to refute the same, that would justify the denial of a new pre-

liminary hearing in this case. However, the mere statement by a prosecuting attorney as to what the evidence was and will be does not establish one offense as a lesser-included offense of another and does not constitute a preliminary hearing.

Finally, and although not specifically raised in the assignments of error, is the fact that count 2 charged the offense of willfully failing to make a valid return of income for the same year. The specific statute is section 77-27,115, R. R. S. 1943, which provides that anyone being required to do so, who willfully fails to make an income tax return, shall be deemed guilty of a misdemeanor. Defendants did raise the absence of a preliminary hearing on this count as reversible error. The fact that an information charging a misdemeanor does not require a preliminary hearing is so elementary that no citation of authorities is necessary. However, there is a question as to the efficacy of such a charge. It is difficult to understand how the State can charge that the filing of a false return is supported by the same facts that will support the charge of filing of no return, or, as the State contends, the filing of a false return is tantamount to failure to file a valid return. Count 2 is either repetitious of or inconsistent with count 1, and the same set of facts can hardly support a guilty verdict as to both.

For the foregoing reasons, the judgments of the trial court are reversed and the causes are remanded for new trials in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.