STATE OF NEBRASKA, APPELLANT, V. RICHARD W. KELLEY, APPELLEE.

320 N.W.2d 455

Filed June 4, 1982. No. 81-676.

George Rhodes, for appellant.

John O. Sennett of Black & Sennett, for appellee.

Heard before Krivosha, C.J., Boslaugh, McCown, Clinton, White, Hastings, and Caporale, JJ.

White, J.

The defendant, Richard W. Kelley, was charged with manslaughter in a complaint filed in the county court of Custer County, Nebraska, on April 10, 1981. A preliminary hearing was held on April 28, 1981, in the county court. On May 4, 1981, the county court bound the defendant over to the District Court for Custer County, Nebraska, on a charge of motor vehicle homicide. The county attorney, on June 10, 1981, filed an information in the District Court for Custer County, Nebraska, charging the defendant with felony motor vehicle homicide. The defendant filed an amended plea in abatement, which was granted by the District Court. After a motion for new trial was overruled, the county attorney filed application for leave to docket error proceedings pursuant to Neb. Rev. Stat. § 29-2315.01 (Reissue 1979). We granted the application and this appeal ensued.

On January 7, 1981, Clarence Burge and Edmund Johnson were walking north across South E Street at the intersection between 9th and 10th Streets, in Broken Bow, Nebraska. A westbound pickup truck

driven by the defendant, Richard W. Kelley, proceeded through the intersection and struck both pedestrians. One of the pedestrians, Edmund Johnson, died as the result of the injuries he sustained in the accident.

At the preliminary hearing held on April 28, 1981, in the county court of Custer County, witnesses testified that the windshield on the pickup truck driven by Richard Kelley was fogged over except for two small areas about 7 inches square. There also was a statement from a witness that the windshield was fogged over. One of the pedestrians, Clarence Burge, testified that he and Edmund Johnson were walking across the intersection on a green light with the walk sign showing. In the investigating officer's police report, a witness told the officer that the pedestrians were in the crosswalk and were walking slowly across the intersection against a red light. At the close of the hearing, the county court judge stated: "The Court finds that the defendant caused the death of another while violating statute other than DWI or reckless driving and is therefore—that is reason to believe that he has, and that therefore there is reason to believe the defendant committed Misdemeanor Motor Vehicle Homicide and is bound over to District Court with his present bond.

. . . .

"I am reducing that to Motor Vehicle Homicide because I don't think you have enough evidence here to sustain a manslaughter charge.

. . . .

"I do not—I will not, and I am not disposed to finding guilty a manslaughter. I do not feel the facts justify a manslaugher [sic] charge."

Thereafter, on May 4, 1981, the county court entered an order binding the defendant over to the District Court for Custer County on a charge of motor vehicle homicide under Neb. Rev. Stat. § 28-306 (Reissue 1979). In that order the county court found

"[t]hat the State has failed to show probable cause that the Defendant committed the crime of Manslaughter as defined in §28-305 of the Nebraska statutes . . . ."

After the defendant was bound over to the District Court, the county attorney filed an information charging the defendant with felony motor vehicle homicide, a violation of § 28-306(3). The defendant challenged the information by filing an amended plea in abatement. In his amended plea in abatement, the defendant contends that there was insufficient evidence produced at the preliminary hearing to prove there was probable cause to believe that the defendant had committed the crime of involuntary manslaughter, and, further, that he was not bound over to the District Court on either the charge in the complaint or the charge in the information. The county attorney replied by alleging that there was sufficient evidence adduced at the preliminary hearing to establish probable cause to believe that the defendant had committed felony motor vehicle homicide. The county attorney contends that manslaughter would include felony motor vehicle homicide as a lesser-included offense and therefore an additional preliminary hearing is not needed since there is no prejudice to the defendant and the evidence would be the same. Manslaughter is defined in Neb. Rev. Stat. § 28-305 (Reissue 1979) as: "(1) A person commits manslaughter if he kills another without malice, either upon a sudden quarrel, or causes the death of another unintentionally while in the commission of an unlawful act.

"(2) Manslaughter is a Class III felony."

Motor vehicle homicide is defined in § 28-306, and provides: "(1) A person who causes the death of another unintentionally while engaged in the operation of a motor vehicle in violation of the law of the State of Nebraska or in violation of any city or village ordinance commits motor vehicle homicide.

"(2) Except as provided in subsection (3) of this section, motor vehicle homicide is a Class I misdemeanor.

"(3) If the proximate cause of the death of another is the operation of a motor vehicle in violation of section 39-669.01, 39-669.03, or 39-669.07, motor vehicle homicide is a Class IV felony."

Neb. Rev. Stat. § 39-669.01 (Reissue 1978) provides: "Any person who drives any motor vehicle in such a manner as to indicate an indifferent or wanton disregard for the safety of persons or property shall be deemed to be guilty of reckless driving."

Neb. Rev. Stat. § 39-669.03 (Reissue 1978) provides: "Any person who drives any motor vehicle in such a manner as to indicate a willful disregard for the safety of persons or property is guilty of willful reckless driving."

Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1980) provides in part: "It shall be unlawful for any person to operate or be in the actual physical control of any motor vehicle while under the influence of alcoholic liquor or of any drug or when that person has ten-hundredths of one per cent or more by weight of alcohol in his or her body fluid as shown by chemical analysis of his or her blood, breath, or urine. Any person who shall operate or be in the actual physical control of any motor vehicle while under the influence of alcoholic liquor or of any drug or while having ten-hundredths of one per cent by weight of alcohol in his or her body fluid as shown by chemical analysis of his or her blood, breath, or urine shall be deemed guilty of a crime . . . ."

"A lesser-included offense is one, the elements of which include some, but not all, of the elements of the greater offense, i.e., the lesser is fully embraced in the greater." See *State v. Carter,* 205 Neb. 407, 410, 288 N.W.2d 35, 37 (1980). Stated another way, a lesser-included offense is one which includes some of

the elements of the crime charged without the addition of any element irrelevant to the crime charged. See *State v. Aby,* 205 Neb. 267, 287 N.W.2d 68 (1980). Since both crimes require that the person charged cause the death of another unintentionally while in violation of the law, motor vehicle homicide is a lesser-included offense of manslaughter. Manslaughter can be committed when someone causes the death of another unintentionally while operating a motor vehicle in violation of the law.

The sufficiency of the evidence at a preliminary hearing may be raised only by a plea in abatement filed in the criminal proceeding in the District Court. *Kruger v. Brainard,* 183 Neb. 455, 161 N.W.2d 520 (1968).

"It is fundamental that a claim that a defendant was not accorded a preliminary hearing, nor waived it, is determinable by plea in abatement." *State v. Moss,* 182 Neb. 502, 506, 155 N.W.2d 435, 438 (1968); *State v. Forbes,* 203 Neb. 349, 278 N.W.2d 615 (1979).

It is likewise true that the District Court is without jurisdiction to try on information one accused of committing a felony within the state unless the defendant is first accorded the privilege of a preliminary examination or waives the same. *Latimer v. State,* 55 Neb. 609, 76 N.W. 207 (1898); *State v. Forbes, supra.* "No information shall be filed against any person for any offense until such person shall have had a preliminary examination therefor, as provided by law, unless such person shall waive his or her right to such examination, except as otherwise provided in the Uniform Criminal Extradition Act. . . ." Neb. Rev. Stat. § 29-1607 (Cum. Supp. 1980).

In *Mills v. State,* 53 Neb. 263, 73 N.W. 761 (1898), this court said: "In a prosecution by information, the complaint and information must charge the same offense, but it is sufficient if the charge in the information is substantially the same as that alleged

in the complaint. If this is so, a plea of no preliminary examination on the ground of a variance between the complaint and the information is without force." (Syllabus of the court.) See, *Cowan v. State,* 22 Neb. 519, 35 N.W. 405 (1887); *Hockenberger v. State,* 49 Neb. 706, 68 N.W. 1037 (1896); *Wheeler v. State,* 79 Neb. 491, 113 N.W. 253 (1907); *Nichols v. State,* 109 Neb. 335, 191 N.W. 333 (1922); *Van Syoc v. State,* 69 Neb. 520, 96 N.W. 266 (1903).

The defendant in this case was charged with manslaughter in the complaint and with felony motor vehicle homicide in the information. The two charges are substantially the same; however, the county court ruled that there was not sufficient evidence for manslaughter, and also stated the defendant had violated a statute other than driving while intoxicated or reckless driving, two of the elements of felony motor vehicle homicide. Although the record would support either a manslaughter charge or a felony motor vehicle homicide charge, the county court, in view of its findings, should have refused to bind over the defendant and dismissed the complaint.

Since the charge in the information is at variance with the findings of the county court, the District Court was correct in granting the plea in abatement. The District Court's order granting the plea in abatement and overruling plaintiff's motion for a new trial is hereby affirmed.

AFFIRMED.