REQUESTED BY: Senator Ron Withem Nebraska State Legislature State Capitol Lincoln, NE 68509
Dear Senator Withem:
You have requested an opinion from our office on three questions regarding proposed legislation which would affect the retirement system for deputy sheriffs employed by counties in the State of Nebraska. In your letter, you indicate that your concern is whether you may accomplish the proposed changes in the deputy sheriffs retirement system under the present provisions of the County Employees Retirement Act, Neb.Rev.Stat. §§ 23-2301 to 23-2331 (Reissue 1983), or whether it will be necessary to enact enabling legislation to allow separate provisions to be made for deputy sheriffs.
Your initial question concerns whether, under the general provisions of the County Employees Retirement Act, it is possible for a group of employees now covered under the act to negotiate a separate agreement with the county board for additional retirement benefits.
It is fundamental that the number, nature, and duration of the powers conferred upon a county rests in the absolute discretion of the state. City of Grand Island v. HallCounty, 196 Neb. 282, 242 N.W.2d 858 (1976). Counties and county boards can exercise only such powers as are expressly granted to them by the Legislature, and such grants of powers must be strictly construed. State ex rel. AgriculturalExtension Service of Gage County v. Miller, 182 Neb. 285,154 N.W.2d 469 (1967); Board of County Commissioners ofSarpy County v. McNally, 168 Neb. 23, 95 N.W.2d 153 (1959).
Section 23-2329 of the County Employees Retirement Act provides: `The provisions of sections 23-2301 to 23-2331
shall become effective for each county upon their adoption by the county board.' The definition of employees covered under the act is contained in § 23-2301(1), which provides:
 Employees shall mean all persons or officers who are employed by a county of the State of Nebraska devoting twenty or more hours per week to such employment, all elected officers of a county, and such other persons or officers as are classified from time to time as permanent employees by the county board of the county by whom they are employed, except that the term shall not include judges, persons making contributions to the School Retirement System of the State of Nebraska, or nonelected employees and nonelected officials of any county having a population in excess of one hundred fifty thousand inhabitants; . . . . (Emphasis added).
Section 23-2306 further provides:
 The membership of the retirement system shall be composed of all employees who have been employees for a period of twelve continuous months and who have attained the age of twenty-five, except that elected officials shall be eligible for membership on taking office. (Emphasis added).
Based on the above statutory provisions, we believe it is clear the County Employees Retirement Act only grants to county boards the power to join a retirement system applicable to all county employees as defined in the act, unless specifically excepted from the act's provisions. There is no statutory authority for a county or county board to negotiate or establish a separate agreement for any particular group of employees who are within the definition contained in the act. It is therefore our opinion that a county board would not have the authority to negotiate a separate agreement to provide deputy sheriffs with retirement benefits in addition to those provided other employees covered by the act.
Your second question concerns whether a different percentage contribution ratio could be established to provide deputy sheriffs with greater retirement benefits than are provided for other county employees.
The amount of an employee's contribution to their retirement account, and the percentage of the county's contribution to such account, is established by §§ 23-2307 and23-2308 of the County Employees Retirement Act. Section23-2307 provides, `Each employee who is a member of the retirement system shall pay to the county a sum equal to three and two-tenths per cent of his or her salary for each pay period.' Section 23-2308 further provides, `The county clerk shall pay to the carrier an amount equal to two hundred fifty per cent of the amounts deducted from the salaries of employees, in accordance with the provisions of section 23-2307.'
Sections 23-2307 and 23-2308 establish the contribution ratio for all employees within the act's definition. Again, we believe it is clear that a county or county board would have no authority to establish a different percentage contribution ratio for a particular group of employees who are covered under the provisions of the act.
Your final question concerns whether the provisions of the County Employees Retirement Act would allow for the establishment of a separate retirement system for a group of employees, such as deputy sheriffs, based on certain requirements unique to their employment, including mandatory early retirement and hazardous duty.
As we indicated in our response to your first question, the County Employees Retirement Act applies to all employees as defined in the act, unless a specific exception is provided. The act contains no exception for employees based on certain requirements which are unique to their employment. Therefore, we believe a county or county board would not have the authority to establish a separate retirement system for deputy sheriffs based on certain requirements unique to their employment.
Very truly yours, PAUL L. DOUGLAS Attorney General L. Jay Bartel Assistant Attorney General