STATE OF NEBRASKA, APPELLEE, V. DAVID C. ROTH, APPELLANT.

382 N.W.2d 348

Filed February 28, 1986. No. 85-459.

Anthony S. Troia and James E. Riha, for appellant.

Robert M. Spire, Attorney General, and Terry R. Schaaf, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

The single issue presented by appellant, David C. Roth, to this court is whether one who has caused the death of another with a motor vehicle must be charged with committing the crime of motor vehicle homicide in violation of Neb. Rev. Stat. § 28-306 (Reissue 1979) or, at the discretion of the prosecution, may be charged with committing the crime of manslaughter in violation of Neb. Rev. Stat. § 28-305 (Reissue 1979). Roth argues that where the death is caused by a motor vehicle, the defendant must be charged with motor vehicle homicide and may not be charged with manslaughter. We believe that Roth is in error in that regard.

The facts of the case are essentially without dispute. On Friday, December 28, 1984, Roth and two of his friends were drinking at a bar in Omaha, Nebraska. Also present at the bar was the decedent, Helen Schroer. Accompanying Schroer at the

bar were Emily Swendroski, John Swendroski, and Richard Corum. During the course of the evening, Roth's two friends played a game of pool with Corum and John Swendroski. While playing pool, one of Roth's friends verbally harassed Corum and John Swendroski. Sometime later, Roth and his two friends left the bar and were standing outside when Helen Schroer and her friends also left the bar. Rodney Kroupa, one of Roth's friends, walked up behind Corum and hit him on the side of the head while John Andrysik, Roth's other friend, made obscene comments to Schroer. At this point John Swendroski ordered Schroer and the others into his car. As he drove off, he sideswiped Andrysik with his car. Roth and Andrysik jumped into Roth's truck, with Roth driving, and began to pursue the Swendroski car. During this approximately 1.1-mile chase, the car and truck ran several red lights, traveling at speeds between 35 and 55 m.p.h., clearly in violation of law. While going approximately 55 m.p.h. in a residential area, the Roth truck struck the rear of the Swendroski car, causing it to swerve. Swendroski then accelerated, tried to pass another car, went over the curb, went down an embankment, and struck a tree, where the car finally stopped. Schroer suffered severe injuries in the crash and died several hours later. Roth was charged with manslaughter in violation of § 28-305.

The district court instructed the jury that it could find Roth guilty of either manslaughter in violation of § 28-305 or the lesser-included offense of motor vehicle homicide in violation of § 28-306. The jury, following deliberation, returned a verdict finding Roth guilty of manslaughter. Roth now argues that motor vehicle homicide is not a lesser-included offense of manslaughter and that the adoption of § 28-306 (motor vehicle homicide) impliedly repealed § 28-305 (manslaughter) with regard to deaths caused by motor vehicles. As we have already indicated, we are unable to accept that argument. The language of the two statutes simply does not justify such a conclusion.

Nebraska's manslaughter statute, § 28-305, provides in part: "A person commits manslaughter if he kills another without malice, either upon a sudden quarrel, or causes the death of another *unintentionally while in the commission of an unlawful act*." (Emphasis supplied.) The Nebraska motor vehicle

homicide statute, § 28-306, provides in part: "A person who causes the death of another *unintentionally while engaged in the operation of a motor vehicle in violation of the law of the State of Nebraska or in violation of any city or village ordinance* commits motor vehicle homicide." (Emphasis supplied.)

There is nothing in the legislative history of either § 28-305 or § 28-306 to indicate that the Legislature intended to bring about the result urged by Roth, nor are the statutes repugnant to each other so as to cause the type of conflict which requires a court to consider that a statute has been repealed by implication.

As we noted in *American Fed. S., C. & M. Emp. v. County of Lancaster*, 200 Neb. 301, 303, 263 N.W.2d 471, 473 (1978):

> Repeals by implication are not favored. A statute will not be considered repealed by implication unless the repugnancy between the new provision and the former statute is plain and unavoidable. A construction of a statute which, in effect, repeals another statute, will not be adopted unless such construction is made necessary by the evident intent of the Legislature.

See, also, *Sarpy Co. Pub. Emp. Assn. v. County of Sarpy*, 220 Neb. 431, 370 N.W.2d 495 (1985).

It is not uncommon for an act to constitute a violation of more than one crime, some of which may be lesser-included offenses and some of which may be separate and distinct. The former is the case with regard to manslaughter, where death is caused by the use of a motor vehicle, and motor vehicle homicide.

In *State v. Kelley*, 211 Neb. 770, 320 N.W.2d 455 (1982), we analyzed an argument not dissimilar to that made by Roth herein, and in rejecting the argument said at 775, 320 N.W.2d at 458:

> Since both crimes [manslaughter and motor vehicle homicide] require that the person charged cause the death of another unintentionally while in violation of the law, motor vehicle homicide is a lesser-included offense of manslaughter. Manslaughter can be committed when someone causes the death of another unintentionally while operating a motor vehicle in violation of the law.

See, also, *State v. Hardin*, 212 Neb. 774, 326 N.W.2d 38 (1982);

*State v. Rice*, 198 Neb. 758, 255 N.W.2d 282 (1977).

The evidence is more than sufficient to permit a jury to find that Roth caused the death of Schroer unintentionally while in the commission of an unlawful act. At the minimum, he violated Neb. Rev. Stat. § 39-629 (Reissue 1984), which provides that the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, and such driver shall have due regard for the speed of such vehicles and the traffic upon and the condition of the roadway. Also, the evidence establishes that Roth violated Neb. Rev. Stat. § 39-662 (Reissue 1984), which provides that no person shall drive through a residential district at a speed in excess of 25 m.p.h., as well as operating his motor vehicle in either a careless, reckless, or willful reckless manner, in violation of law. Additionally, there is no question that Roth committed a number of nontraffic offenses, including, at least, assault in the third degree in violation of Neb. Rev. Stat. § 28-310 (Reissue 1979). On that basis Roth was guilty of either manslaughter or motor vehicle homicide.

This is simply a situation wherein a set of facts is sufficient to constitute the violation of one of several crimes. In such a case the prosecutor is free to choose under which crime he will seek a conviction. As we said in *State v. Loschen*, 221 Neb. 315, 318, 376 N.W.2d 792, 795 (1985): "Where a single act violates more than one statute, a prosecutor is free to prosecute under any statute he chooses, so long as the selection is not deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." See, also, *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978); *State v. White*, 209 Neb. 218, 306 N.W.2d 906 (1981).

Having answered the only assignment of error raised by Roth adverse to his contention, normally we would have no alternative but to affirm the conviction and sentence. However, there is plain error in the sentence which requires us to vacate the sentence and remand the case to the district court for further sentencing. Neb. Rev. Stat. § 25-1919 (Reissue 1979); *Schmidt v. Richman Gordman, Inc.*, 191 Neb. 345, 215 N.W.2d 105 (1974).

The Legislature, prior to the enactment of § 28-305, had

adopted Neb. Rev. Stat. § 39-669.20 (Reissue 1984), which prescribes the *specific* penalty which may be imposed when a person is convicted of manslaughter resulting from his operation of a motor vehicle. Section 39-669.20 specifically provides:

> Any person, convicted of manslaughter or mayhem resulting from his operation of a motor vehicle, or of motor vehicle homicide, shall be (1) fined in a sum not exceeding five hundred dollars, (2) imprisoned in the county jail for not to exceed six months, or (3) both so fined and imprisoned.

While it may very well be that the conflict between § 39-669.20 and the penalty for manslaughter as prescribed in § 28-305 is as a result of an oversight by the Legislature, this court is bound to follow the law as provided by the Legislature in criminal matters.

As we observed in *Anderson v. Peterson*, 221 Neb. 149, 156-57, 375 N.W.2d 901, 906 (1985):

> With respect to questions about a statute, our role is limited to interpretation and application of statutes, irrespective of our personal agreement or disagreement with a particular legislative enactment, so long as a questioned statute does not violate a constitutional requirement. Whether a court considers particular legislation as wise or unwise is irrelevant to the judicial task of construing or applying a statute.

See, also, *Else v. Else*, 219 Neb. 878, 367 N.W.2d 701 (1985).

We are not at liberty to impose a sentence greater than that provided by the Legislature even if we believe that the crime deserves a greater penalty. The language of § 39-669.20 could not be any clearer. The maximum penalty of confinement that may be imposed upon a person convicted of manslaughter resulting from his operation of a motor vehicle is 6 months' imprisonment in the county jail. In the instant case the district court, believing that Roth, having been convicted of violating § 28-305, was guilty of a Class III felony, sentenced him to not less than 3 nor more than 7 years in the Nebraska Penal and Correctional Complex. This was in excess of the maximum permitted by § 39-669.20.

One may argue that the adoption of the Nebraska Criminal Code repealed by implication § 39-669.20. Such a conclusion is legally incorrect. As we have already observed, repeals by implication are not favored and will only be considered when the repugnancy between the new provision and the former statute is plain and unavoidable. The conflict between § 28-305 (manslaughter) and § 39-669.20 as it pertains to the penalty for manslaughter caused by a motor vehicle does not fall into that category. Section 28-305 is a general statute, while § 39-669.20 is a specific statute. We have frequently held that where general and special provisions of statutes are in conflict, the general law yields to the special, without regard to priority of dates in enacting the same, and a special law will not be repealed by general provisions unless by express words or necessary implication. *Bass v. County of Saline*, 171 Neb. 538, 106 N.W.2d 860 (1960); *State ex rel. Strom v. Marsh*, 162 Neb. 593, 77 N.W.2d 163 (1956).

For that reason we are without any choice in this matter. If the Legislature did not intend this result, it must consider what to do about § 39-669.20 as it relates to manslaughter. However, based upon the applicable statute, the sentence imposed upon Roth must be vacated and the cause remanded to the district court for the imposition of a proper sentence, not to exceed the provisions of § 39-669.20.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED.

BOSLAUGH, J., dissenting.

A legislative act which is complete in itself, and is repugnant to or in conflict with a prior law, repeals the prior law by implication to the extent of the repugnancy or conflict. *American Fed. S., C. & M. Emp. v. County of Lancaster*, 200 Neb. 301, 263 N.W.2d 471 (1978).

The Nebraska Criminal Code, which was enacted in 1977, was a comprehensive revision of Nebraska criminal laws. See L.R. 39, 80th Leg., 1969 Leg. J. 1589 (Apr. 22, 1969). See, also, Committee Statements, L.B. 38, L.B. 39, L.B. 40, and L.B. 41, Judiciary Committee, 85th Leg., 1st Sess. (Feb. 2, 1977).

L.B. 38, 1977 Neb. Laws, which enacted the code, was an act complete in itself. It contains provisions defining and punishing

manslaughter and motor vehicle homicide. Neb. Rev. Stat. §§ 28-305 and 28-306 (Reissue 1979).

Neb. Rev. Stat. § 39-669.20 (Reissue 1984), last amended in 1972, provides that the penalty for manslaughter resulting from the operation of a motor vehicle or for motor vehicle homicide shall be a fine of not to exceed $500, imprisonment in the county jail for not to exceed 6 months, or both. Sections 28-305 and 28-306 conflict with § 39-669.20, and are repugnant to it, in that they prescribe a greater maximum penalty for manslaughter and motor vehicle homicide.

The opinion of the court seeks to avoid this conflict by construing § 39-669.20 to be a special statute and § 28-305 a general statute. This, of course, does not avoid the conflict between §§ 28-306 and 39-669.20 because both sections relate to the same crime, motor vehicle homicide. It seems obvious that § 28-306 repealed by implication the provisions in § 39-669.20 relating to motor vehicle homicide because the sections prescribe different penalties for the same crime.

If the majority opinion is correct, the maximum penalty for manslaughter resulting from the operation of a motor vehicle now is less than the maximum penalty for motor vehicle homicide under the 1977 criminal code. I do not believe the Legislature intended such a result.

HASTINGS, J., joins in this dissent.