BURTON E. NIXON, APPELLEE, V. MADISON COUNTY AGRICULTURAL SOCIETY, A POLITICAL SUBDIVISION, APPELLANT.

348 N.W.2d 119

Filed April 20, 1984. No. 83-179.

Michael T. Brogan of Brogan & Stafford, P.C., for appellant.

David A. Domina of Domina Law Firm, for appellee.

Alan M. Wood, for amicus curiae Nebraska Association of Fair Managers.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

The issue upon this appeal is whether the Nebraska public meetings law is applicable to a county agricultural society such as the defendant in this case.

The plaintiff commenced this action to obtain a declaration that a contract for the construction of a livestock exposition building at a cost of approximately $140,000 was void because the meeting of the directors of the society at which the execution of the contract was authorized was held in violation of Neb. Rev. Stat. §§ 84-1408 et seq. (Reissue 1981). The defendant claims that it is a private corporation and not subject to the requirements of the public meetings law.

Both parties filed motions for summary judgment. The trial court found that the defendant was a body created by statute and authorized to cause the levy of, receive and procure, or expend public money, and as such was required to comply with the Nebraska public meetings law; that the defendant had failed to comply with the statutes and the construction contract was void. The plaintiff's motion was sustained and the defendant's motion overruled. The defendant has appealed.

The defendant is a county agricultural society organized under Neb. Rev. Stat. §§ 2-201 to 2-237 (Reissue 1977 and Cum. Supp. 1982). Such a society may be formed by the voluntary association of 20 or more residents of the county. After a society has been organized it can obtain the proceeds of a tax to be levied by the county board. §§ 2-201 et seq. (Cum. Supp. 1982). An additional capital construction tax is authorized under § 2-203.06 (Cum. Supp. 1982).

Although a county agricultural society resembles a private corporation in some respects, the statutory provisions which grant such a society the right to receive support from the public revenue give it a public character.

The Nebraska public meetings law is applicable to "public bodies," which are defined to include "all independent boards, commissions, bureaus, committees, councils, subunits, or any other bodies, now or hereafter created by Constitution, statute, or otherwise pursuant to law." § 84-1409(1)(c).

We think the better view is that a county agricultural society is a public body subject to the provisions of the public meetings law. The judgment of the district court is affirmed.

AFFIRMED.