REQUESTED BY: Deborah R. Gilg Keith County Attorney
In your opinion request letter, you state that Keith County has had a long standing hospital authority formed under the Hospital Authorities Act, Neb. Rev. Stat. §§ 23-1379 through23-35,120 (1991, Cum. Supp. 1996) (the "Act"), where the Keith County Board makes the appointment of members to the authority board. You also note that the hospital authority has recently started a campaign to fund the construction of a new hospital, and that the Ogallala Community Hospital receives sales tax revenues from the City of Ogallala for the operation of the hospital. You then ask, "whether the hospital authority is subject to the County Purchasing Act for competitive bidding and, whether the hospital authority is subject to the open meetings law."
In our Op. Att'y Gen. #88024 (March 17, 1988), we stated that we would issue formal opinions of the Attorney General to County Attorneys in Nebraska only with respect to questions involving "criminal matters" and "matters relating to the public revenue." That policy was based upon our statutory authority and the resources available to this office. We continue to adhere to that policy. As a result, since the question you raised regarding the County Purchasing Act and competitive bidding does not appear to involve either criminal matters or matters relating to the public revenue, we cannot provide you with a formal opinion on that issue. However, we do have enforcement authority under the Nebraska Public Meetings Statutes, Neb. Rev. Stat. §§ 84-1408
through 84-1414 (1994, Cum. Supp. 1996). Consequently, we will offer our opinion as to whether the hospital authority in Keith County is subject to those statutes, since we could be called upon to enforce the public meetings laws with respect to that governmental subdivision. Our opinion with regard to the Public Meetings Statutes, therefore, reflects our enforcement policy in connection with the question you raised.
The Hospital Authorities Act, supra, deals with the establishment of county hospital authorities in Nebraska. Among other things, that Act sets out procedures for the formation of hospital authorities and the powers of those organizations. For example, under § 23-3594, such an authority is a "public corporation and body politic" of this state with broad powers to sue and be sued, to purchase and hold property of every kind, and to purchase and construct hospitals within the territorial limits of the hospital authority. Under §§ 23-3593 and 23-3595, the operation of any hospital established by a hospital authority is vested in a board of trustees which is appointed by the appropriate county board after nomination by the electors of the county through a petition process. County hospital authorities also have the power to issue bonds under the Act.
Neb. Rev. Stat. § 84-1409 (1) (Cum. Supp. 1996) establishes the various types of governmental entities which are subject to the Public Meetings Statutes in Nebraska. Subsection (c) of § 84-1409(1), in turn, defines a public body as:
 all independent boards, commissions, bureaus, committees, councils, subunits, or any other bodies, now or hereafter created by the Constitution of Nebraska, statute, or otherwise pursuant to law,
In light of the elaborate statutory scheme creating county hospital authorities found in the Hospital Authorities Act, it seems to us that such authorities clearly fall under §84-1410(1)(c) as a "subunit" or "body" created by statute. Therefore, we believe that county hospital authorities created under the Act are subject to the Public Meetings Statutes.
Our conclusion with respect to county hospital authorities is supported by the Nebraska Supreme Court's decision in Nixon v.Madison County Agricultural Society, 217 Neb. 37, 348 N.W.2d 119
(1984), where the Court held that county agricultural societies, organized under the Nebraska statutes, are subject to the Public Meetings Statutes, in part, because they have the right to receive funds from the public revenue. You have indicated that the hospital authority in Keith County receives funds from the City of Ogallala. We have also previously indicated that a county welfare board is subject to the public meetings law as an independent board created by statute. 1979-80 Rep. Att'y Gen. 351 (Opinion No. 244, dated March 4, 1980).
Sincerely yours,
 DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
Approved by:
Don Stenberg
Attorney General