STATE OF NEBRASKA, APPELLEE, V. RAY D. RETZLAFF, APPELLANT.
394 N.W.2d 295

Filed October 3, 1986.    No. 86-325.

Laurice M. Margheim of Margheim & Erickson, for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALÉ, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

Ray D. Retzlaff appeals from an order of the district court for Sheridan County denying his motion for postconviction relief. We affirm.

On January 8, 1985, defendant pled guilty to felony motor vehicle homicide pursuant to Neb. Rev. Stat. § 28-306 (Reissue 1985), which provides as follows:

(1) A person who causes the death of another unintentionally while engaged in the operation of a motor vehicle in violation of the law of the State of Nebraska or in violation of any city or village ordinance commits motor vehicle homicide.

(2) Except as provided in subsection (3) of this section, motor vehicle homicide is a Class I misdemeanor.

(3) If the proximate cause of the death of another is the operation of a motor vehicle in violation of section 39-669.01, 39-669.03, or 39-669.07, motor vehicle homicide is a Class IV felony.

Retzlaff was charged with causing the death of another while operating a motor vehicle in violation of Neb. Rev. Stat. § 39-669.01 (Reissue 1984), the reckless driving statute, thus satisfying the felony requirement of § 28-306(3). On February 5, 1985, he was sentenced to 3 years' imprisonment. Retzlaff filed a motion to vacate sentence on March 14, 1986, contending that his maximum sentence should be governed by Neb. Rev. Stat. § 39-669.20 (Reissue 1984), which states:

Any person, convicted of manslaughter or mayhem resulting from his operation of a motor vehicle, *or of motor vehicle homicide*, shall be (1) fined in a sum not exceeding five hundred dollars, (2) imprisoned in the county jail for not to exceed six months, or (3) both so

fined and imprisoned.

(Emphasis supplied.) The Legislature has since repealed § 39-669.20. 1986 Neb. Laws, L.B. 153.

The district court denied Retzlaff's motion to vacate sentence, finding that § 28-306 is a specific statute and thus controls over conflicting provisions of § 39-669.20. This appeal followed.

Retzlaff contends that his situation is governed by *State v. Roth*, 222 Neb. 119, 382 N.W.2d 348 (1986). In *Roth* we examined the conflict between § 39-669.20 and Neb. Rev. Stat. § 28-305 (Reissue 1985), the general manslaughter provision in the criminal code, and determined that § 39-669.20 was a specific statute that prescribed the penalty for manslaughter resulting from the operation of a motor vehicle. *Roth* does not control the disposition of this case, because Retzlaff was sentenced for motor vehicle homicide and not for manslaughter.

Sections 28-306 and 39-669.20 both relate to motor vehicle homicide and prescribe different penalties for the same crime; however, additionally, § 28-306 specifically defines the crime of motor vehicle homicide. The maximum penalty for conviction of motor vehicle homicide under § 39-669.20 is 6 months' imprisonment, a $500 fine, or both. The maximum penalty for conviction of motor vehicle homicide under § 28-306 is found in Neb. Rev. Stat. § 28-105(1) (Reissue 1985), which provides that the maximum sentence for conviction of a Class IV felony is 5 years' imprisonment, a $10,000 fine, or both. This conflict in penalties raises the question of whether § 28-306 repealed by implication the provisions of § 39-669.20 relating to motor vehicle homicide. We find that it did.

Repeals by implication are not favored. A statute will not be considered repealed by implication unless the repugnancy between the new provision and the former statute is plain and unavoidable. A construction of a statute which, in effect, repeals another statute will not be adopted unless such construction is made necessary by the evident intent of the Legislature. *State v. Roth, supra.*

In this case the repugnancy between § 28-306 and § 39-669.20 is plain and unavoidable. Section 28-306 was

enacted in 1977 as part of the revised criminal code. Before its repeal in 1986, § 39-669.20 was last amended in 1972. Because of the plain and unavoidable repugnancy between the two sections, and the specificity with which § 28-306 deals with motor vehicle homicide, it is clear that section repealed by implication the provisions in the former statute, § 39-669.20, that also relate to motor vehicle homicide.

A legislative act which is complete in itself, and is repugnant to or in conflict with a prior law, repeals the prior law by implication to the extent of the repugnancy or conflict. *American Fed. S., C. & M. Emp. v. County of Lancaster*, 200 Neb. 301, 263 N.W.2d 471 (1978).

Because Retzlaff's sentence is within the maximum allowed by § 28-306, the order of the district court denying his motion to vacate sentence is affirmed.

AFFIRMED.