STATE OF NEBRASKA, APPELLEE,
v. JEREMY G. BURNETT, APPELLANT.
579 N.W. 2d 513

Filed June 12, 1998.   No. S-97-748.

Robert B. Creager, of Anderson, Creager & Wittstruck, P.C., for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

STEPHAN, J.

Jeremy G. Burnett entered a plea of no contest to an amended information charging him with manslaughter under Neb. Rev.

Stat. § 28-305 (Reissue 1995) for killing Matthew Armour while operating a motor vehicle in an unlawful manner. Burnett's conviction and sentence of 10 to 15 years' imprisonment were summarily affirmed by the Nebraska Court of Appeals. Burnett then filed this action for postconviction relief in the district court for Custer County, asserting that he was denied effective assistance of counsel during his sentencing and direct appeal and that his sentence exceeded the statutory limits. The district court denied Burnett's motion for postconviction relief, and the Court of Appeals affirmed. The matter is now before us on Burnett's petition for further review. We affirm.

## FACTS

At approximately 3 a.m. on July 2, 1995, Armour was walking west on the shoulder of the eastbound lane of Highway 2 between Berwyn and Broken Bow, Nebraska. Burnett was driving west on Highway 2 when he crossed the centerline and struck Armour, resulting in Armour's death. Burnett was charged with manslaughter under § 28-305(1). In an amended information, the State alleged that Burnett killed Armour unintentionally and without malice while in the commission of an unlawful act, to wit, failure to drive on the right half of a roadway, in violation of Neb. Rev. Stat. § 60-6,131 (Reissue 1993), or careless driving, in violation of Neb. Rev. Stat. § 60-6,212 (Reissue 1993). Burnett entered a plea of no contest. There was no plea agreement with regard to Burnett's sentence.

During the hearing in which Burnett entered his plea, the judge informed Burnett that manslaughter is a Class III felony, carrying a maximum sentence of 20 years' imprisonment, a $25,000 fine, or both, and a minimum sentence of 1 year's imprisonment. At a subsequent hearing, Burnett was sentenced to 10 to 15 years' imprisonment and was charged the costs of the action.

Burnett filed a direct appeal, which was summarily affirmed by the Court of Appeals, and we denied Burnett's petition for further review. Subsequently, Burnett filed a motion for postconviction relief, asserting that his sentence exceeded the statutory limits for convictions involving the unintentional killing of another while operating a motor vehicle. Burnett also alleged

that he was denied effective assistance of counsel because his appointed counsel failed to adequately research issues related to his sentencing, argue those issues to the court, and preserve error for appeal. The district court denied Burnett's motion for postconviction relief, and the Court of Appeals summarily affirmed. We granted Burnett's petition for further review.

## ASSIGNMENTS OF ERROR

Restated, Burnett asserts that the district court erred in (1) failing to find that Burnett's sentence exceeded the statutory limits for convictions involving the unintentional killing of another while operating a motor vehicle, (2) failing to find that Burnett was denied effective assistance of counsel, (3) failing to conduct an evidentiary hearing on the allegations made in Burnett's motion for postconviction relief, and (4) failing to find that Burnett's sentence was an abuse of the district court's discretion and, therefore, excessive.

## STANDARD OF REVIEW

Statutory interpretation presents questions of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *PLPSO v. Papillion/LaVista School Dist.*, 252 Neb. 308, 562 N.W.2d 335 (1997); *Snipes v. Sperry Vickers*, 251 Neb. 415, 557 N.W.2d 662 (1997).

## ANALYSIS

The Nebraska Postconviction Act applies only where a prisoner has sustained such a denial or infringement of constitutional rights that the judgment is void or voidable. *State v. Hall*, 249 Neb. 376, 543 N.W.2d 462 (1996); *State v. Sims*, 244 Neb. 771, 509 N.W.2d 6 (1993). A defendant in a postconviction proceeding must allege facts which, if proved, constitute a denial or violation of his or her rights under the Nebraska or U.S. Constitution. *State v. Hall, supra.*

Initially, the State argues that Burnett's motion for postconviction relief should be denied because the sentencing issues raised were previously litigated and rejected in Burnett's direct appeal or, in the alternative, were not raised in his direct appeal and were therefore waived. It is true that a motion for postcon-

viction relief may not be used to obtain further review of issues already litigated or to raise issues that could have been raised on direct appeal. *State v. Thieszen*, 252 Neb. 208, 560 N.W.2d 800 (1997); *State v. Moore*, 250 Neb. 805, 553 N.W.2d 120 (1996); *State v. Russell*, 248 Neb. 723, 539 N.W.2d 8 (1995). However, the State's contentions lack merit, because Burnett's postconviction action raises for the first time the effectiveness of Burnett's counsel, an issue that could not have been raised on direct appeal because Burnett argues that his original attorney was ineffective during his direct appeal as well as at sentencing. The very nature of Burnett's ineffectiveness claim requires this court to inquire into the sentencing issues raised by Burnett, because his attorney's effectiveness depends upon the merits of those issues. See, *State v. Ohler*, 219 Neb. 840, 366 N.W.2d 771 (1985); *State v. Williams*, 218 Neb. 618, 358 N.W.2d 195 (1984) (reaching merits of claims underlying claim of ineffective assistance of counsel even though not raised on first postconviction motion, because defendant claimed counsel ineffective during first postconviction action).

To sustain a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defendant, that is, demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Marshall*, 253 Neb. 676, 573 N.W.2d 406 (1998); *State v. Becerra*, 253 Neb. 653, 573 N.W.2d 397 (1998); *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997). Burnett asserts that his attorney's performance was deficient in that he failed to research and raise issues that would have resulted in a substantially shorter sentence. In this regard, Burnett relies on the holdings in *State v. Roth*, 222 Neb. 119, 382 N.W.2d 348 (1986), and *State v. Retzlaff*, 223 Neb. 811, 394 N.W.2d 295 (1986). In *Roth*, the defendant was convicted of manslaughter in violation of § 28-305, a Class III felony, for killing another while operating a motor vehicle. Roth argued that his conviction should be reversed because the adoption of Nebraska's motor vehicle homicide statute, see Neb. Rev. Stat. § 28-306 (Reissue 1995), impliedly repealed § 28-305 with regard to deaths caused by motor vehicles. We rejected this

argument, noting that it is not uncommon for a single act to constitute the violation of multiple criminal statutes. We held that in these situations, a prosecutor may choose the statute under which he wishes to seek a conviction.

However, we held that Roth's sentence of 3 to 7 years' imprisonment for manslaughter constituted plain error. At the time of Roth's conviction, Neb. Rev. Stat. § 39-669.20 (Reissue 1984) provided:

> Any person, convicted of manslaughter or mayhem resulting from his operation of a motor vehicle, or of motor vehicle homicide, shall be (1) fined in a sum not exceeding five hundred dollars, (2) imprisoned in the county jail for not to exceed six months, or (3) both so fined and imprisoned.

We noted that this statute provided a specific penalty for the crime at issue, while § 28-305 was a general statute applicable to all manslaughters whether committed while operating a motor vehicle or otherwise. Applying the principle that the general law yields to the specific where general and specific provisions of a statute conflict, *Bass v. County of Saline*, 171 Neb. 538, 106 N.W.2d 860 (1960), we held that Roth's sentence must comply with § 39-669.20 despite the fact that he was convicted of manslaughter, a Class III felony carrying a maximum penalty of 20 years' imprisonment and a $25,000 fine.

Burnett contends that *Roth* controls his case. He claims that although he pled no contest to manslaughter under § 28-305, a Class III felony under these facts, his attorney should have argued for a sentence in accordance with the lesser penalties prescribed for motor vehicle homicide found in § 28-306. We disagree. Burnett's argument ignores the fact that § 39-669.20 was repealed by the Legislature prior to his conviction. See 1986 Neb. Laws, L.B. 153. Burnett argues that § 39-669.20 was not in fact repealed, but that it was renumbered and is now a part of the motor vehicle homicide provisions of § 28-306. This contention is erroneous, because the specific penalty found in § 39-669.20 for manslaughter resulting from the operation of a motor vehicle is not contained in § 28-306. Rather, § 28-306 defines the crime of motor vehicle homicide and outlines the penalties for that crime without reference to the crime of

manslaughter. The Legislature's act of repealing § 39-669.20 eliminated the statutory conflict that necessitated deference to the specific penalty of § 39-669.20 in *Roth*. Without such a conflict, the district court was required to sentence Burnett in accordance with § 28-305, the statute under which he was charged and convicted.

Burnett's reliance on *State v. Retzlaff*, 223 Neb. 811, 394 N.W.2d 295 (1986), is likewise misplaced. That case involved a prosecution for motor vehicle homicide under § 28-306 which occurred prior to the legislative repeal of § 39-669.20. We held that because §§ 28-306 and 39-669.20 specified conflicting penalties for the same offense, § 28-306 implicitly repealed the portion of § 39-669.20 that provided a penalty for motor vehicle homicide. *Retzlaff* is inapplicable to manslaughter under § 28-305(1), the offense of which Burnett was convicted.

In Nebraska, all crimes are statutory, and no act is criminal unless the Legislature has in express terms declared it to be so. *State v. Parks*, 253 Neb. 939, 573 N.W.2d 453 (1998). At the time of Burnett's offense, manslaughter and motor vehicle homicide were separate offenses defined by separate statutes, each with its own penalty provision. Unlike the circumstances in *Roth*, here there was no statutory provision prescribing a lesser penalty for manslaughter where the predicate unlawful act involved the operation of a motor vehicle. While it is true that under the present statutory scheme the same conduct could result in substantially different criminal penalties depending upon whether one is charged and convicted of manslaughter or motor vehicle homicide, such potential disparity exists by virtue of the unambiguous language of the statutes which define the two offenses. It is not within the province of a court to read a meaning into a statute that is not warranted by the language, or to read anything plain, direct, and unambiguous out of a statute. *State v. Atkins*, 250 Neb. 315, 549 N.W.2d 159 (1996); *State v. Cox*, 247 Neb. 729, 529 N.W.2d 795 (1995).

The representation provided by Burnett's original counsel cannot be deemed ineffective by virtue of his failure to argue for a sentence within the range prescribed by § 28-306, because such an argument would have been contrary to law. Our decision in *Roth* made it clear that a defendant could be charged and

convicted of manslaughter despite the fact that his criminal act might also qualify as motor vehicle homicide. There would have been no legal basis for a contention that Burnett should be sentenced in accordance with the penalties prescribed for an offense other than that for which he was charged and convicted. As a result, Burnett failed to demonstrate that his counsel's performance was deficient, and the district court did not err in denying Burnett's motion for postconviction relief.

Burnett claims that even if his sentence is within the statutory range, it should be vacated because the district court abused its discretion. We have consistently held that matters relating to sentences imposed within statutory limits are not a basis for postconviction relief. *State v. Evans*, 218 Neb. 849, 359 N.W.2d 790 (1984); *State v. Webb*, 218 Neb. 238, 352 N.W.2d 624 (1984). See, also, *State v. Russell*, 239 Neb. 979, 479 N.W.2d 798 (1992). Consequently, this issue is not properly before this court.

## CONCLUSION

Burnett is not entitled to postconviction relief because he did not meet his burden of proving a violation of his constitutional rights. The judgment of the district court is therefore affirmed.

AFFIRMED.