State of Nebraska, appellee, v. Christian A.
Mendoza-Bautista, appellant.

___ N.W.2d ___

Filed September 25, 2015.    No. S-14-1165.

1. **Statutes: Appeal and Error.** Statutory interpretation is a question of
law that an appellate court resolves independently of the trial court.

Appeal from the District Court for Hall County, William T.
Wright, Judge, on appeal thereto from the County Court for
Hall County, Philip M. Martin, Jr., Judge. Sentence vacated,
and cause remanded with direction.

Jeff E. Loeffler and Matthew A. Works, Deputy Hall County
Public Defenders, for appellant.

Douglas J. Peterson, Attorney General, and George R. Love
for appellee.

Heavican, C.J., Wright, Connolly, McCormack, Miller-
Lerman, and Cassel, JJ.

Heavican, C.J.
## INTRODUCTION
Christian A. Mendoza-Bautista was convicted of one count
of violating Neb. Rev. Stat. § 60-4,108(1)(b) (Cum. Supp.
2014), third offense, and was sentenced to 30 days' imprison-
ment. The district court, sitting as an intermediate court of
appeals, affirmed. Mendoza-Bautista appeals to this court.
At issue on appeal is whether Mendoza-Bautista's two prior

convictions for driving under suspension under § 60-4,108(2) were sufficient to enhance to a third offense his current conviction for driving under revocation.

## FACTUAL BACKGROUND

Mendoza-Bautista was charged in Hall County Court by complaint on August 7, 2014. That complaint alleged a violation of "driving during suspension 2nd or 3rd offense 60-4,108(1)(b)" and alleged that Mendoza-Bautista had previously been convicted of operating a motor vehicle during a period that his license had been "suspended or revoked."

Although the complaint references the crime of driving under suspension, the charged subsection of § 60-4,108(1) is the crime of driving under revocation. Mendoza-Bautista does not assign this inaccuracy in the complaint as error, and there is no assertion by either party that the current charge against Mendoza-Bautista, or his conviction thereon, was for anything other than driving under revocation.

Mendoza-Bautista pled no contest to the August 7, 2014, complaint, and an enhancement hearing was held on September 19. At that hearing, exhibits 1 and 2 were introduced. Exhibit 1 was a September 5, 2013, conviction for violations of Neb. Rev. Stat. § 60-6,196 (Reissue 2010) (aggravated driving under influence), § 60-4,108(2) (driving under suspension), and Neb. Rev. Stat. § 28-905 (Reissue 2008) (operating motor vehicle to avoid arrest), all arising from events occurring on August 5, 2013. On the driving under the influence conviction, Mendoza-Bautista was sentenced to 2 days in jail and fined $500, and his driver's license was revoked for 1 year. He was sentenced to a $100 fine for each of the other two convictions, including the conviction under § 60-4,108(2). Exhibit 2 reflects another September 5 conviction, under a separate docket number, for a violation of § 60-4,108(2) (driving under suspension) arising from events occurring on May 23, 2013. In that case, Mendoza-Bautista was fined $100.

Mendoza-Bautista objected to the admission of exhibits 1 and 2, arguing they were convictions for driving under suspension under § 60-4,108(2) and could not be used to enhance his current conviction for driving under revocation under § 60-4,108(1).

The county court disagreed, found the prior convictions admissible for enhancement purposes, enhanced Mendoza-Bautista's conviction to third offense, sentenced him to 30 days' imprisonment, and revoked his driving privileges for 2 years. The district court affirmed the judgment in a written order.

Mendoza-Bautista appeals.

## ASSIGNMENT OF ERROR

Mendoza-Bautista assigns that the district court erred in concluding that his prior convictions for driving under suspension under § 60-4,108(2) were valid convictions to enhance his conviction for driving under revocation under § 60-4,108(1).

## STANDARD OF REVIEW

[1] Statutory interpretation is a question of law that an appellate court resolves independently of the trial court.[1]

## ANALYSIS

The sole question presented by this appeal is whether a conviction under § 60-4,108(1) can be enhanced by the use of convictions under § 60-4,108(2).

Some background is helpful to understanding our resolution of this issue. Under Nebraska law, an otherwise eligible driver can lose his or her license to operate a motor vehicle for a variety of reasons. The law generally terms such loss as either a suspension or a revocation.

---

[1] *State v. Ramirez*, 285 Neb. 203, 825 N.W.2d 801 (2013).

A suspension is "the temporary withdrawal by formal action of the Department of Motor Vehicles of a person's operator's license for a period specifically designated by the department, if any, and until compliance with all conditions for reinstatement."[2] On the other hand, a revocation is

> the termination by a court of competent jurisdiction or by formal action of the Department of Motor Vehicles of a person's operator's license, which termination shall not be subject to renewal or restoration. Application for reinstatement of eligibility for a new license may be presented and acted upon by the department after the expiration of the applicable period of time prescribed in the statute providing for revocation.[3]

This distinction was first set forth by the Legislature in a series of amendments and revisions to the transportation code in 2001.

Prior to 2001, the law stated that it was illegal for an individual to drive when his or her operator's license had been suspended or revoked, and provided that such was a Class III misdemeanor. But as part of the 2001 changes, § 60-4,108 was amended to provide for a distinction between revocation and suspension. That section now provides in relevant part:

> (1) It shall be unlawful for any person to operate a motor vehicle during any period that he or she is subject to a court order not to operate any motor vehicle for any purpose or during any period that his or her operator's license has been revoked or impounded pursuant to conviction or convictions for violation of any law or laws of this state, by an order of any court, or by an administrative order of the director. Except as otherwise provided by subsection (3) of this section or by other law, any person so offending shall (a) for a first such offense, be

---

[2] Neb. Rev. Stat. § 60-476.02 (Reissue 2010).

[3] Neb. Rev. Stat. § 60-476.01 (Reissue 2010).

guilty of a Class II misdemeanor, and the court shall, as a part of the judgment of conviction, order such person not to operate any motor vehicle for any purpose for a period of one year from the date ordered by the court and also order the operator's license of such person to be revoked for a like period, (b) for a second or third such offense, be guilty of a Class II misdemeanor, and the court shall, as a part of the judgment of conviction, order such person not to operate any motor vehicle for any purpose for a period of two years from the date ordered by the court and also order the operator's license of such person to be revoked for a like period, and (c) for a fourth or subsequent such offense, be guilty of a Class I misdemeanor, and the court shall, as a part of the judgment of conviction, order such person not to operate any motor vehicle for any purpose for a period of two years from the date ordered by the court and also order the operator's license of such person to be revoked for a like period. Such orders of the court shall be administered upon sentencing, upon final judgment of any appeal or review, or upon the date that any probation is revoked, whichever is later.

(2) It shall be unlawful for any person to operate a motor vehicle (a) during any period that his or her operator's license has been suspended, (b) after a period of revocation but before issuance of a new license, or (c) after a period of impoundment but before the return of the license. Except as provided in subsection (3) of this section, any person so offending shall be guilty of a Class III misdemeanor, and the court may, as a part of the judgment of conviction, order such person not to operate any motor vehicle for any purpose for a period of one year from the date ordered by the court, except that if the person at the time of sentencing shows proof of reinstatement of his or her suspended operator's license, proof of issuance of a new license, or proof of

return of the impounded license, the person shall only
be fined in an amount not to exceed one hundred dol-
lars. If the court orders the person not to operate a motor
vehicle for a period of one year from the date ordered
by the court, the court shall also order the operator's
license of such person to be revoked for a like period.
Such orders of the court shall be administered upon sen-
tencing, upon final judgment of any appeal or review, or
upon the date that any probation is revoked, whichever
is later.

It is the interplay between subsections (1) and (2) of this sec-
tion at issue on appeal.

A review of the plain language of the relevant statutory pro-
vision reveals that the county court erred in concluding that
the driving under revocation conviction could be enhanced
to a third offense through the use of Mendoza-Bautista's
two prior convictions for driving under suspension. A driv-
ing under revocation conviction under § 60-4,108(1) can be
enhanced to a second or third, or even fourth or subsequent,
offense. But the statutory language providing for enhancement
refers to "such offense." In the context of the subsection, it is
clear that "such offense" refers to the crime referenced in that
same subsection, § 60-4,108(1), that "[i]t shall be unlawful
for any person to operate a motor vehicle during any period
that he or she is subject to a court order not to operate any
motor vehicle for any purpose or during any period that his or
her operator's license has been revoked . . . ." Thus, a driv-
ing under revocation conviction under § 60-4,108(1) can be
enhanced only by another driving under revocation conviction
charged under that same subsection.

Driving under suspension and driving under revocation
are two separate crimes. They are defined in two separate
statutory subsections; they are each a different class of mis-
demeanor. The term "suspended" or "suspension" does not
appear in § 60-4,108(1). There is no crossover between subsec-
tion (1) regarding "revocation" and subsection (2) regarding

"suspension." The violation of § 60-4,108(2) is simply not available to enhance a violation of § 60-4,108(1).

We agree with Mendoza-Bautista that the county court erred when it enhanced his conviction for driving under revocation under § 60-4,108(1) to a third offense through the use of two prior convictions for driving under suspension under § 60-4,108(2). We also agree that the district court erred in affirming that decision.

## CONCLUSION

The county court erred in enhancing Mendoza-Bautista's conviction to a third offense, and the district court erred in affirming that enhancement. Mendoza-Bautista's sentence is vacated and the cause remanded to the district court with direction to remand to the county court for resentencing.

SENTENCE VACATED, AND CAUSE
REMANDED WITH DIRECTION.