Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/15/2016 09:06 AM CDT

State of Nebraska, appellee, v.
Robert C. Thompson, appellant.
___ N.W.2d ___

Filed July 15, 2016.    No. S-15-971.

1. **Statutes: Appeal and Error.** Statutory interpretation is a question of law that an appellate court resolves independently of the trial court.
2. **Statutes: Legislature: Intent.** The fundamental objective of statutory interpretation is to ascertain and carry out the Legislature's intent.
3. **Criminal Law: Statutes: Legislature: Intent.** In reading a penal statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.
4. **Statutes.** To the extent there is a conflict between two statutes, the specific statute controls over the general statute.
5. ____. A statute may be repealed by implication if a new law contains provisions which are contrary to, but do not expressly repeal, the provisions of the former law.
6. ____. A legislative act which is complete in itself and is repugnant to or in conflict with a prior law repeals the prior law by implication to the extent of the repugnancy or conflict. However, repeals by implication are not favored.
7. ____. A statute will not be considered repealed by implication unless the repugnancy between the new provision and the former statute is plain and unavoidable.

Appeal from the District Court for Madison County: James G. Kube, Judge. Affirmed.

Chelsey R. Hartner, Chief Deputy Madison County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

WRIGHT, CONNOLLY, MILLER-LERMAN, CASSEL, STACY, and KELCH, JJ.

WRIGHT, J.

## NATURE OF CASE

Robert C. Thompson was convicted in the district court for Madison County, Nebraska, of driving under the influence (DUI), third offense, with a blood alcohol concentration of .15 or greater, in violation of Neb. Rev. Stat. § 60-6,197.03(6) (Cum. Supp. 2014). He was sentenced to a period of 24 months' probation and was ordered to immediately serve 60 days in the county jail as a condition of his probation. Thompson appeals, asserting that the district court erred in imposing a jail term as a condition of probation. For the reasons set forth below, we affirm.

## BACKGROUND

On November 30, 2014, Thompson was involved in a motor vehicle accident in which he struck another vehicle from behind. He was ultimately arrested and charged with DUI, third offense, with a blood alcohol concentration of .15 or greater, in violation of § 60-6,197.03(6). Thompson pled guilty as charged. Following an enhancement hearing, Thompson's conviction was enhanced to a third offense, making it a Class IIIA felony.

At sentencing, the parties agreed that probation would be appropriate but disagreed as to whether a jail term could be imposed as a condition of probation. Thompson argued that a jail term could no longer be imposed as a condition of probation for any felony because 2015 Neb. Laws, L.B. 605, removed the provision in Neb. Rev. Stat. § 29-2262 (Supp. 2015) that previously allowed up to 180 days in jail as a condition of probation for felony offenses. The State acknowledged the amendment to § 29-2262, but noted that a jail term was arguably still available for a felony DUI, because § 60-6,197.03(6), which is the more specific statute, expressly

requires that a jail term be imposed as a condition of probation for a felony DUI.

The district court agreed with the State and found that a jail term of 60 days was required under § 60-6,197.03. It imposed a period of 24 months' probation in the Specialized Substance Abuse Supervision program with various conditions, including 60 days' jail time, a $1,000 fine, and a 10-year license revocation. Thompson appeals.

## ASSIGNMENT OF ERROR

Thompson assigns that the district court erred in imposing a jail term as a condition of his probation, as that is no longer permissible under § 29-2262.

## STANDARD OF REVIEW

[1] Statutory interpretation is a question of law that an appellate court resolves independently of the trial court.[1]

## ANALYSIS

This appeal presents an issue of statutory interpretation. The question before us is whether a jail term may be imposed as a condition of probation for a felony DUI. Thompson argues that a court cannot impose a jail term as a condition of probation for any felony offense, including a felony DUI, because L.B. 605 removed the provision in § 29-2262 that previously allowed up to 180 days in jail as a condition of probation for felony offenses.

We note that the amendments made by L.B. 605 became effective on August 30, 2015, which was after Thompson committed the present offense but before he was sentenced. This begs the question whether the amendments to § 29-2262 apply retroactively to this case. Most of the amendments in L.B. 605 are not retroactive, as set forth in Neb. Rev. Stat. § 28-116 (Supp. 2015). However, the State concedes, and we agree,

---

[1] *State v. Mendoza-Bautista*, 291 Neb. 876, 869 N.W.2d 339 (2015).

that the changes made to § 29-2262 do apply in this case, because Thompson was sentenced after August 30, 2015.[2] Thus, we must analyze this case in light of the amendments to § 29-2262.

Prior to L.B. 605, § 29-2262 provided, in relevant part:

> (2) The court may, as a condition of a sentence of probation, require the offender:
>
> . . . .
>
> (b) To be confined periodically in the county jail or to return to custody after specified hours but not to exceed (i) for misdemeanors, the lesser of ninety days or the maximum jail term provided by law for the offense and (ii) for felonies, one hundred eighty days.[3]

As part of L.B. 605, the Legislature removed the provision relating to felony offenses but left the provision relating to misdemeanors intact.[4] Thus, Thompson argues that imposing a jail term as a condition of probation for a felony offense is no longer permissible under § 29-2262.

The State argues that a jail term is still available as a condition of probation for a felony DUI because § 60-6,197.03(6), which sets forth the penalty for third-offense aggravated DUI, a Class IIIA felony, is more specific and therefore controls over § 29-2262, which is the more general probation statute that applies to all offenses. Section 60-6,197.03 provides as follows:

> Any person convicted of a violation of section 60-6,196 [DUI of alcohol or drugs] or 60-6,197 [refusal to submit to chemical test] shall be punished as follows:

---

[2] See Neb. Rev. Stat. § 83-1,135.02(2) (Supp. 2015) (stating that "[i]t is the intent of the Legislature that the changes made to sections 29-2262 . . . apply to all committed offenders under sentence, on parole, or on probation on August 30, 2015, and to all persons sentenced on and after such date").

[3] § 29-2262(2) (Cum. Supp. 2014).

[4] See § 29-2262(2)(b) (Supp. 2015).

. . . .

(6) If such person has had two prior convictions and, as part of the current violation, had a concentration of fifteen-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his or her blood or fifteen-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his or her breath or refused to submit to a test as required under section 60-6,197, such person shall be guilty of a Class IIIA felony . . . . The court shall also sentence such person to serve at least one hundred eighty days' imprisonment in the city or county jail or an adult correctional facility.

*If the court places such person on probation or suspends the sentence for any reason, the court shall, as one of the conditions of probation or sentence suspension, . . . include, as conditions,* the payment of a one-thousand-dollar fine, *confinement in the city or county jail for sixty days*, and, upon release from such confinement, the use of a continuous alcohol monitoring device and abstention from alcohol use at all times for no less than sixty days.

(Emphasis supplied.)

[2-4] The fundamental objective of statutory interpretation is to ascertain and carry out the Legislature's intent.[5] In reading a penal statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.[6] To the extent there is a conflict between two statutes, the specific statute controls over the general statute.[7]

---

[5] See *Dean v. State*, 288 Neb. 530, 849 N.W.2d 138 (2014).

[6] *State v. McIntyre*, 290 Neb. 1021, 863 N.W.2d 471 (2015).

[7] *State v. Hernandez*, 283 Neb. 423, 809 N.W.2d 279 (2012).

We agree with the State that § 60-6,197.03 is the more specific statute and that it plainly requires confinement in jail for 60 days as a condition of probation for this offense. Thompson concedes that § 60-6,197.03 is the more specific statute, but argues that by amending § 29-2262, the Legislature implicitly repealed the provision in § 60-6,197.03(6) which required 60 days in jail as a condition of probation.

[5-7] A statute may be repealed by implication if a new law contains provisions which are contrary to, but do not expressly repeal, the provisions of the former law.[8] A legislative act which is complete in itself and is repugnant to or in conflict with a prior law repeals the prior law by implication to the extent of the repugnancy or conflict.[9] However, repeals by implication are not favored.[10] A statute will not be considered repealed by implication unless the repugnancy between the new provision and the former statute is plain and unavoidable.[11] In determining whether the new enactment is repugnant, we look at the new enactment for any indication of an evident legislative intent to repeal the former statute.[12]

We find no indication that the Legislature intended to repeal the relevant portion of § 60-6,197.03(6) when it amended § 29-2262. In fact, the Legislature amended other portions of § 60-6,197.03 as part of L.B. 605, but did not remove the language in subsection (6) requiring 60 days in jail as a condition of probation for this offense. If the Legislature intended to remove that requirement, it could have easily done so when it amended the other portions of the statute in L.B. 605. Its failure to do so evidences a clear intent to retain such requirement, rather than to implicitly repeal it.

---

[8] *State v. Null*, 247 Neb. 192, 526 N.W.2d 220 (1995).

[9] *State v. Retzlaff*, 223 Neb. 811, 394 N.W.2d 295 (1986).

[10] *Id.*

[11] *Id.*

[12] *State v. Null, supra* note 8.

Additionally, we find no repugnancy between these two statutes, because the sentencing provisions in § 60-6,197.03 apply only to convictions for DUI and refusal to submit to a chemical test, whereas § 29-2262 sets forth the various conditions of probation that may generally be imposed for all offenses. For that reason, Thompson's reliance on *State v. Retzlaff*[13] is misplaced.

The issue in *Retzlaff* was whether Neb. Rev. Stat. § 39-669.20 (Reissue 1984), which formerly contained the penalty for motor vehicle homicide, was implicitly repealed by the Legislature's subsequent enactment of Neb. Rev. Stat. § 28-306 (Reissue 1985), which codified the offense of motor vehicle homicide and set forth the applicable penalty. We held that the enactment of § 28-306 constituted an implicit repeal of § 39-669.20, noting that the repugnancy between the two statutes was "plain and unavoidable" because they prescribed different penalties for the same crime.[14] On the other hand, the two statutes at issue here do not prescribe different penalties for the same crime and are not otherwise repugnant. Therefore, we reject Thompson's argument of repeal by implication.

## CONCLUSION

For the reasons set forth herein, we find no error in the district court's ordering Thompson to serve a period of 60 days' jail time as a condition of his sentence of probation in the Specialized Substance Abuse Supervision program for his conviction of DUI, third offense, with a blood alcohol concentration of .15 grams or greater, a Class IIIA felony.

AFFIRMED.

HEAVICAN, C.J., not participating.

---

[13] *State v. Retzlaff, supra* note 9.

[14] *Id.* at 813, 394 N.W.2d at 297.