IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. CERROS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JOEL A. CERROS, APPELLANT.

Filed November 21, 2023.    No. A-22-976.

Appeal from the District Court for Butler County: JAMES C. STECKER, Judge. Affirmed.

Joel A. Cerros, pro se.

Michael T. Hilgers, Attorney General, and Nathan A. Liss for appellee.

RIEDMANN, BISHOP, and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

Joel A. Cerros appeals from the order of the Butler County District Court denying his motion for postconviction relief without an evidentiary hearing. He argues that the district court erred in rejecting his claims of ineffective assistance of trial counsel due to counsel's allowing him to be charged, convicted, and sentenced for manslaughter rather than motor vehicle homicide, and in failing to object to the manslaughter jury instruction because it did not include "proximate cause" as an element of the offense or to request a jury instruction on the element of proximate cause. For the reasons stated herein, we affirm.

## STATEMENT OF FACTS

### BACKGROUND

Following a traffic accident in June 2020, which led to the death of a motorcyclist, Cerros was charged with, inter alia, (1) motor vehicle homicide (with driving under the influence (DUI)

as the underlying unlawful act); (2) DUI; and (3) manslaughter (with reckless driving as the underlying unlawful act). Following a jury trial, Cerros was convicted of manslaughter, but acquitted of DUI and motor vehicle homicide. Cerros was subsequently sentenced to 8 to 12 years' imprisonment.

## DIRECT APPEAL

Cerros filed a direct appeal with the assistance of his same counsel and raised three errors on appeal. He alleged that the district court erred in (1) allowing a law enforcement officer's testimony that driving on the wrong side of the road could be a sign of reckless driving; (2) accepting the jury's guilty verdict on the manslaughter charge which he claimed was not supported by the evidence; and (3) failing to instruct the jury on careless driving as a lesser-included offense. The Nebraska Supreme Court moved the case to its docket and rejected all of Cerros' assigned errors. See *State v. Cerros*, 312 Neb. 230, 978 N.W.2d 162 (2022). The mandate was issued in September 2022.

## CURRENT POSTCONVICTION MOTION

In November 2022, Cerros filed a timely verified motion for postconviction relief alleging that (1) he was denied his right to effective assistance of counsel, his right to equal protection, and his right against cruel and unusual punishment due to his conviction and sentencing for manslaughter rather than motor vehicle homicide; and (2) trial counsel was ineffective for failing to object to the manslaughter jury instruction, which Cerros claimed was erroneous because it did not include "proximate cause" as an essential element of the offense.

The district court denied Cerros' motion for postconviction relief without an evidentiary hearing. The court found that Cerros' first claim was without merit because the prosecution has discretion whether to charge a defendant with manslaughter or motor vehicle homicide. *State v. Roth*, 222 Neb. 119, 382 N.W.2d 348 (1986), *disapproved on other grounds, State v. Wright*, 261 Neb. 277, 622 N.W.2d 676 (2001). The district court further noted that motor vehicle homicide is not a lesser-included offense of manslaughter, *State v. Wright, supra*, and that a defendant convicted of manslaughter for killing another with a motor vehicle must be sentenced under the manslaughter statute not the motor vehicle homicide statute. *State v. Burnett*, 254 Neb. 771, 579 N.W.2d 513 (1998).

The district court likewise rejected Cerros' second claim that his trial counsel was ineffective for failing to object to the manslaughter jury instruction because it did not include "proximate cause" as an element of the offense. The district court acknowledged that, although Cerros correctly pointed out that the word "proximate" was not included in the manslaughter jury instruction:

> [jury] instruction no. 3, count 3 required that "Cerros caused the death of [the victim] unintentionally while in the commission of an unlawful act." At the jury instruction conference, Cerros' attorney objected to instruction number 3 and submitted his own proposed instruction. [On direct appeal, the] Supreme Court considered the correctness of instruction no. 3 and found the instruction was correct as given. Cerros asks for the addition of the words "proximate cause" when the instruction already required that Cerros "caused" the death of [the victim].

- 2 -

Cerros has timely appealed the denial of his motion for postconviction relief without an evidentiary hearing.

## ASSIGNMENTS OF ERROR

Cerros, pro se, assigns as error that the district court erred in: (1) finding that the record and allegations in his motion for postconviction relief did not show that his rights to effective assistance of counsel, equal protection of laws, and against cruel and unusual punishment were violated by the ineffectiveness of his trial counsel in allowing him to be charged, convicted, and sentenced for manslaughter rather than motor vehicle homicide; and (2) failing to find that Cerros' trial counsel was ineffective for failing to object to the insufficient manslaughter jury instruction and failing to request that said jury instruction include instruction on the essential element of proximate cause.

Before beginning our analysis, to the extent that Cerros is assigning a stand-alone claim that the nature of the charges and resulting conviction violated his constitutional rights to equal protection and against cruel and unusual punishment, such claims are procedurally barred because they were not raised on direct appeal. See *State v. Galindo*, 315 Neb. 1, 994 N.W.2d 562 (2023) (motion for postconviction relief cannot be used to secure review of issues that were known to defendant and which were or could have been litigated on direct appeal). To the extent that Cerros is claiming his counsel was ineffective for failing to raise these claims, we will address that contention in connection with the analysis section of this opinion.

## STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Galindo, supra*.

Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law which an appellate court reviews independently of the lower court's ruling. *Id*.

## ANALYSIS

### GENERAL LEGAL PRINCIPLES

Before addressing Cerros' specific assignments of error, we briefly review the general legal principles that govern appeals from the denial of postconviction relief without an evidentiary hearing.

In Nebraska, postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations that render the judgment void or voidable. *State v. Galindo, supra*. An evidentiary hearing is not required on a motion for postconviction relief when (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights rendering the judgment void or voidable; (2) the motion alleges only conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief. *Id.* In addition to the substantive rules governing

postconviction relief, there are procedural rules which can bar postconviction relief regardless of the merits of a particular claim. *Id.*

To establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Ross*, 296 Neb. 923, 899 N.W.2d 209 (2017). Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *Id.* Under the *Strickland v. Washington* framework, a court may address the two elements, deficient performance and prejudice, in either order. *Id.*

### FAILURE TO CHALLENGE INFORMATION

Cerros' first assignment of error is that the district court erred in finding that the record and allegations in his motion for postconviction relief did not show that his rights to effective assistance of counsel, equal protection of laws, and against cruel and unusual punishment were violated due to trial counsel's ineffectiveness in allowing him to be charged, convicted, and sentenced for manslaughter rather than motor vehicle homicide. Cerros claims that his conviction and sentencing pursuant to the manslaughter statute resulted in a more serious felony conviction and harsher sentence, even though the specific acts for which he was charged also met the elements of motor vehicle homicide. He contends that by enacting the more specific statute for motor vehicle homicide, the Nebraska Legislature expressed its intent that offenders who caused deaths unintentionally while committing an unlawful act involving operation of a motor vehicle should only be subject to a maximum of 3 years' imprisonment.

This argument has been addressed by the Nebraska Supreme Court in *State v. Wright*, 261 Neb. 277, 287-88, 622 N.W.2d 676, 683 (2001). In *Wright*, the Nebraska Supreme Court rejected the defendant's argument that the State should have been required to charge him with motor vehicle homicide rather than manslaughter, stating:

> [The defendant] notes that the specific acts for which he was charged meet the elements of both motor vehicle homicide and manslaughter. [The defendant] claims that the motor vehicle homicide statute, § 28-306, is a specific statute which controls over the general manslaughter statute, § 28-305, and that the prosecutor must, therefore, be limited to charging motor vehicle homicide. [The defendant] argues that deaths caused unintentionally while committing an unlawful act involving operation of a motor vehicle must be prosecuted under the specific statute dealing with motor vehicle homicide rather than the general manslaughter statute. This argument was rejected by the court in *State v. Roth*, 222 Neb. 119, 382 N.W.2d 348 (1986), and we conclude that this portion of *Roth* remains good law.
>
> In *Roth*, the court held that in a situation wherein a set of facts is sufficient to constitute the violation of one of several crimes, the prosecutor is free to choose under which crime he or she will seek a conviction, so long as the selection is not deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification. Similar to the instant case, the defendant in *Roth* argued that where death is caused by a motor vehicle, the defendant must be charged with motor vehicle homicide and may not be

charged with manslaughter. We rejected this argument, noting that "there is nothing in the legislative history of either § 28-305 or § 28-306 to indicate that the Legislature intended to bring about the result urged by [the defendant], nor are the statutes repugnant to each other so as to cause the type of conflict which requires a court to consider that a statute has been repealed by implication."

We further note that a defendant convicted of manslaughter for killing another with a motor vehicle must be sentenced under the manslaughter statute not the motor vehicle homicide statute. *State v. Burnett*, 254 Neb. 771, 579 N.W.2d 513 (1998).

Having determined that Cerros' arguments have previously been considered and rejected by the Nebraska Supreme Court, his trial counsel was not ineffective in failing to file a motion to quash based on meritless claims. See *State v. Williams*, 295 Neb. 575, 889 N.W.2d 99 (2017) (as matter of law, counsel cannot be ineffective for failing to raise meritless argument). This assignment of error fails.

In the argument section of his brief, Cerros acknowledges the above-stated authority, but argues that unlike the instant case, the Nebraska Supreme Court was not presented with the constitutional challenges he is raising here. That is, he argues that the Nebraska Supreme Court did not address whether being convicted and sentenced for manslaughter rather than motor vehicle homicide was a violation of the rights to equal protection and against cruel and unusual punishment. He argues that his counsel was ineffective for failing to raise these novel legal theories. However, it is well-settled that "counsel's failure to raise novel legal theories or arguments or to make novel constitutional challenges in order to bring a change in existing law does not constitute deficient performance." *State v. Kipple*, 310 Neb. 654, 667, 968 N.W.2d 613, 625 (2022). This principle applies here. Cerros' argument fails.

JURY INSTRUCTIONS

Cerros' second assignment of error is that his trial counsel was ineffective in failing to object to the manslaughter jury instruction or request a jury instruction on the element of proximate cause.

In an appeal based upon a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant. *State v. Fernandez*, 313 Neb. 745, 986 N.W.2d 53 (2023). All the jury instructions must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and the evidence, there is no prejudicial error necessitating reversal. *Id.*

As relevant to this appeal, Nebraska's manslaughter statute provides that "a person commits manslaughter if he or she . . . causes the death of another unintentionally while in the commission of an unlawful act." Neb. Rev. Stat. § 28-305 (Reissue 2016). During the jury instruction conference, trial counsel objected to the court's proposed manslaughter instruction which provided that:

Regarding Count III of the information charging the defendant with manslaughter, the elements of the State's case are:

1. That [Cerros] caused the death of [the victim];

2. That [Cerros] did so while operating a motor vehicle upon the public streets or highways of the state of Nebraska;

3. That [Cerros] did so unintentionally while in the commission of an unlawful act, to-wit: reckless driving as defined in Instruction No. 4.

4. That [Cerros] did so on or about June 20, 2020, in Butler County, Nebraska.

Cerros' trial counsel argued that the underlying unlawful act should be willful reckless driving, not reckless driving, and that the jury instructions should include the lesser-included offense of reckless driving. Additionally, Cerros' trial counsel submitted proposed jury instructions. The trial court overruled counsel's objections and rejected the proposed instructions. See *State v. Cerros*, 312 Neb. 230, 978 N.W.2d 162 (2022).

In connection with Cerros' challenges to the proffered jury instructions on direct appeal, the Nebraska Supreme Court rejected the challenge, and in connection with Cerros' separate challenge to the sufficiency of the evidence to support Cerros' conviction for manslaughter, the court noted:

> The State charged manslaughter based on reckless driving as the unlawful act. The court's jury instruction setting forth the elements of manslaughter stated, inter alia, that the jury must find *that Cerros caused the death of the motorcyclist* while in the commission of the unlawful act of reckless driving, and a separate instruction set forth the elements of reckless driving as being that Cerros drove a vehicle "in such a manner as to indicate an indifferent or wanton disregard for the safety of persons or property." The instruction therefore tracked the statute defining reckless driving and included the mens rea we found sufficient in [*State v.*] *Carman* [, 292 Neb. 207, 872 N.W.2d 559 (2015)].

*State v. Cerros*, 312 Neb. at 242, 978 N.W.2d at 171 (Emphasis supplied).

Although the Nebraska Supreme Court was not specifically addressing the language in the instruction governing causation, we likewise recognize that the instruction tracks the statute governing manslaughter which utilizes the word "causes" rather than "proximately causes" the death of another unintentionally while in the commission of an unlawful act. See *State v. Senn*, 295 Neb. 315, 888 N.W.2d 716 (2016) (reiterating that, as general rule, in giving instruction to jury, it is proper for court to describe elements of offense in language of statute).

Additionally, as the Nebraska Supreme Court held in *State v. Pope*, 305 Neb. 912, 943 N.W.2d 294 (2020), an instruction on proximate cause is not warranted if there is no dispute as to the proximate cause of the victim's death. In the instant case, the record reflects that there was no dispute as to the cause of the victim's death. Where, as here, there was no dispute at trial governing the cause of the victim's death, we find that the instruction given was a correct statement of the law. Cerros' trial counsel could not be ineffective for failing to raise an argument that has no merit. See *State v. Devers*, 313 Neb. 866, 986 N.W.2d 747 (2023). This assignment of error fails.

## CONCLUSION

Having considered and rejected Cerros' assigned errors, we affirm the district court's denial of his motion for postconviction relief without an evidentiary hearing.

AFFIRMED.